Debra ALEXANDER, Individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,

Sheila M. Bell and Steve Trusty, Intervening-Plaintiffs-Appellants,

v.

Sandra L. ROBINSON, in her official capacity as Secretary of the Louisiana Department of Health and Human Resources, John R. Block, in his official capacity as Secretary of the U.S. Department of Agriculture, the U.S. Department of Agriculture, Defendants-Appellees.

No. 84–3749.

United States Court of Appeals, Fifth Circuit.

April 8, 1985.

Mark A. Moreau, Marian Hamilton, New Orleans, La., for plaintiff-appellant.

Lewis K. Wise, Fed. Programs Branch, June Edwards, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Sidney W. Hall, State of La., Dept. of Health & Human Resources, Baton Rouge, La., for defendants-appellees.

Before GARZA, POLITZ and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellants are food stamp recipients who challenge what they consider to be a retroactive application of new procedures to collect for inadvertent overissuance of food stamps. The district court granted summary judgment in favor of the defendants and approved the regulations implementing the new procedure. We affirm.

## I.

The food stamp program is federally funded but administered by the states (7 U.S.C. §§ 2013, 2019) according to uniform standards established by the Secretary, U.S. Department of Agriculture (Secretary) (7 U.S.C. §§ 2020, 2025).

Regulations issued by the Secretary under the 1977 revision to the Food Stamp Act included detailed procedures for the states to follow in instances where food stamps were inadvertently overissued to the recipient. 7 C.F.R. 273.18 (1981). The liability of the recipient to reimburse the government was always clear. The state was generally required to demand payment for the value of the overissuance and either attest to facts indicating that the debt was uncollectible or sue the recipient in state court to collect the indebtedness. 7 C.F.R. 273.18(b)(2) (1981).

In 1981, Congress passed the Omnibus Budget Reconciliation Act of 1981 (OBRA) which had the primary purpose of reducing benefits in a number of federal programs, including the food stamp program. The application of Section 113 of OBRA is at the heart of this litigation: "State agencies shall collect any claim against a household arising from the overissuance of coupons, other than [fraudulent claims] and claims arising from an error of the State agency, by reducing the monthly allotments of the household. These collections shall be limited to 10 per centum of the monthly allotment (or $10 per month, whenever that would result in a faster collection rate)." 7 U.S.C. § 2022(b)(2)(A).

Implementing federal[1] and state[2] regulations require the state agency to reduce current benefits to offset indebtedness arising from non-fraudulent inadvertent overissuance of food stamps due to household errors whether the overissuance occurs before or after June 1, 1983, the effective date of the implementing Louisiana regulations.

The three plaintiff class representatives are food stamp recipients who were indebted to the government for the value of food stamps inadvertently issued before June 1, 1983, the effective date of the state regulation in question. The class representatives all received notice that current food stamps would be reduced to offset this indebtedness. They filed this class action seeking an injunction against the reduction of current benefits to offset indebtedness incurred by food stamp overissuances before June 1, 1983.

Appellants argue that the reduction of current benefits to offset indebtedness arising from inadvertent household overissuances of food stamps before June 1, 1983, is a retroactive application of the statute and contrary to congressional intent. Alternatively, appellants assert that the Secretary's retroactive application of section 113 deprives them of property without due process of law.

---

**1.** 7 C.F.R. § 273.18 (1984).

**2.** 9 La.Admin.Reg. 323–24 (May 20, 1983) (effective June 1, 1983).

## II.

### A.

Appellants' first argument focuses on the interpretation which should be given to Section 113 of OBRA. They contend that the effective date sections[3] of OBRA, together with the legislative history, reflects a congressional intent that the entire Act, including Section 113, should be applied prospectively only.

■ The effective date sections of the amendments are nothing more than directions by Congress to the agency as to the date the amendments were to be implemented. Section 192(a) of the amendments adopted on September 8, 1982, was manifestly for the purpose of expediting implementation of certain provisions of OBRA. We perceive nothing in this language which indicates that Congress was attempting to address the question of whether existing liability for overissuances was to be subject to section 113.

Appellants also cite a statement by Senator Leahy in the legislative history as supporting their position.[4] It is far from clear, however, that Senator Leahy had any reference to allotment reductions for overissuances. The final sentence in Senator Leahy's statement indicates that he is referring to substantive liability provisions contained in the amendments. Consequently, we do not consider Senator Leahy's statement probative as to whether Congress intended the allotment reductions to be applied to indebtedness incurred from overissuances before the new procedure was implemented.

### B.

■ Appellants also argue that section 113 is substantive and can only be given prospective application. The appellees contend it is procedural or remedial and presumably entitled to retroactive application. Appellees argue further that in any event section 113 is being applied prospectively and appellants have no grounds for complaint to the application of section 113 to them even if it is a substantive provision. We are persuaded that the state's application of section 113 to appellants is a prospective one. The state is reducing *current* benefits to offset *current* debts of food stamp recipients. The reduction in current benefits was made after June 1, 1983, the effective date of the implementing Louisiana regulations. Such an application of section 113 to valid indebtedness whenever incurred is a prospective application of the statute.[5]

---

**3.** [T]he amendments made by sections 101 through 116 of this Act shall be effective and implemented upon such dates as the Secretary of Agriculture may prescribe, taking into account the need for orderly implementation. Omnibus Budget Reconciliation Act of 1981, Public L. No. 97–35, § 117, 1981 U.S.Code Cong. & Ad.News (95 Stat.) 357, 366.

Notwithstanding section 117 of the Omnibus Budget Reconciliation Act of 1981 (7 U.S.C. § 2012), the amendments made by sections 101 through 114 of such Act, other than sections 107(b) and 108(c) of such Act, shall take effect on the earlier of the date of the enactment of this subtitle or the date on which such amendments become effective pursuant to section 117 of such Act. Omnibus Budget Reconciliation Act of 1982, Pub.L. No. 97–253, § 192(a), 1982 U.S.Code Cong. & Ad.News (96 Stat.) 763, 788.

**4.** Except for the funding authorizations for the food stamp program, which take effect immediately upon enactment, we hope the Secretary will act quickly to implement these amendments to benefit from the cost-saving features, as well as the added controls on fraud, waste and abuse. However, as was the case concerning our treatment of any claims arising under the Food Stamp Act of 1964 and still pending at the time of passage of the Food Stamp Act of 1977, we intend a similar treatment of claims now pending. That is, pending proceedings under the Food Stamp Act of 1977, as amended, through 1980, should be disposed of pursuant to the applicable provisions of the law in effect prior to the enactment of these 1981 amendments. *The liabilities of any household now participating in the program should be resolved under present regulations.*
127 Cong.Rec. S 5913 (1981) (statement of Sen. Leahy) (emphasis added).

**5.** See *Rivera v. Becerra,* 714 F.2d 887 (9th Cir. 1983). Both *Rivera* and the interpretation of section 113 by the Secretary are consistent with the rule that a "statute is not rendered retroactive merely because the facts upon which its subsequent action depends are drawn from a time antecedent to its effective date." *Tye v. Spitzer-Dodge,* 499 F.Supp. 687, 693 (S.D.Ohio

■ Even if the application of the new collection procedure to existing indebtedness is considered a retroactive application of section 113, this is a valid application if section 113 is remedial. We conclude that section 113 which provided the government with a new collection tool and allowed it to reduce current benefits to offset existing indebtedness is procedural or remedial in nature and may be applied retroactively.[6]

■ No persuasive policy reason is advanced that supports the application of section 113 urged by appellants. Retroactive application of laws is undesirable where advance notice of the change in the law would motivate a change in an individual's behavior or conduct. 2 Sutherland, Statutes and Statutory Construction § 41.02 (C. Sands 4th ed. 1973 & Supp.1984). Appellants do not suggest that they would have withdrawn from the food stamp program, been more careful to avoid overissuance of food stamps or modified their behavior in any other way had they received advance notice of the application of section 113. We agree with the district court and the court in *Love v. Atkins*, Civ. No. 84–1075 (D.Mass. July 31, 1984), that the interpretation given section 113 by the Secretary is fair, consistent with general principles of statutory construction, and consistent with the goals of OBRA. Deference to the agency's construction of a new statute under these circumstances is particularly appropriate. See *Board of Governors v. First Lincolnwood Corp.*, 439 U.S. 234, 251, 99 S.Ct. 505, 514, 58 L.Ed.2d 484 (1978); *National Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 706 (D.C. Cir.1975); *Love v. Atkins*, slip op. at 10.[7]

AFFIRMED.

1980); 2 Sutherland, Statutes and Statutory Construction § 41.01 (C. Sands 4th ed. 1973 & Supp.1984).

6. See *United States v. Vanella*, 619 F.2d 384, 386 (5th Cir.1980) "the rule followed in *Turner* [*Turner v. United States*, 410 F.2d 837 (5th Cir. 1969)] is well established—statutory changes that are procedural or remedial in nature apply retroactively." (citing cases) See also 2 Sutherland, § 41.04; *McGee v. International Life Insur-*

*ance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

7. We have also considered appellants' argument that a retroactive application of section 113 deprives them of property without due process of law. In view of our conclusion that the disputed application of section 113 is a prospective one, this contention is rejected.