544 So.2d 734 (1989)
Lori A. LABBIE, Plaintiff-Appellee,
v.
Sandra D. ROBINSON, M.D., MPH, Secretary, Louisiana Department of Health and Human Resources, Defendant-Appellant.
No. 88-182.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Rehearing Denied June 29, 1989.
*735 Lori A. Labbie, in Pro. Per., Eunice, plaintiff-appellee.
Harold J. Adkins, Baton Rouge, for defendant-appellant.
Before DOMENGEAUX, C.J., STOKER and KNOLL, JJ.
KNOLL, Judge.
The Louisiana Department of Health and Human Resources (hereafter DHHR) appeals the judgment of the trial court reversing a DHHR administrative decision which ordered Lori A. Labbie to repay $2,021 for food stamps which were overpaid to her because of DHHR's administrative error. Fraud or misrepresentation by Lori is not alleged by DHHR.
DHHR contends that the trial court erred in reversing DHHR's administrative decision, and argues that the trial court misconstrued DHHR's policy which certifies persons as a separate household even if they live with other people. We affirm.

FACTS
On May 31, 1984, Lori applied for food stamp benefits on behalf of herself and her two minor children with the Acadia Parish Office of Family Security. At that time Lori was over the age of 18, and she and her two children resided with her father, Emery Labbie, his wife, and two stepchildren. Lori and her two children received a monthly food stamp allotment of $148 from June through September 1984, $157 in October 1984, and $159 from November 1984 through June 1985. Although Lori lived with the persons described hereinabove, she purchased her own groceries and she and her children prepared their food separately.
On February 28, 1984, Lori's father, Emery Labbie, received a favorable disability determination from the Social Security Administration, and shortly after September 18, 1984, he and his household (excluding Lori and her two children) began receiving food stamps. Lori's father's application for assistance indicated that Lori and her two children did not eat with the rest of his household; nevertheless, he listed Lori and her two children, together with his wife and two stepchildren as members of his household.
On August 29, 1986, twenty-six (26) months after she first received food stamps, DHHR notified Lori that through an administrative error she and her children were improperly certified as a separate household between June 1984 and June 1985, and that it was necessary for her to repay $2,021 for ineligible benefits she received.
On November 21, 1986, Lori attended an administrative hearing in which her overpayment was addressed, and on December 4, 1986, DHHR affirmed its decision that she was overpaid and that she must repay DHHR for the ineligible food stamps. On December 19, 1986, Lori filed her petition in district court seeking judicial review of DHHR's determination.
After the district court reversed the administrative decision, DHHR sought appellate review.

BASIS FOR RECOVERY
We pretermit DHHR's argument that the trial court erroneously construed Section C-130 (determination of separate household status) of DHHR's Financial Assistance Manual, finding that DHHR failed to establish by law that it is entitled to recover money paid to admittedly needy families where its personnel fail to follow DHHR policy guidelines.
Before discussing this issue we re-emphasize that this case does not involve fraud in obtaining assistance from DHHR. Accordingly, LSA-R.S. 46:114, which particularly addresses DHHR's right to recover in that instance, is not applicable. We also find that this case does not concern the right of DHHR to recover for the nonfraudulent, inadvertent overissuance of food stamps due to household errors which was upheld in Alexander v. Robinson, 756 F.2d 1153 (5th Cir.1985).
Accordingly, then, the narrow issue presented is: on what authority does DHHR rely to collect for the overissuance *736 of food stamps due to its own administrative error?
It is axiomatic that in order for a party to recover under Louisiana law he is required to establish a basis for that recovery by statute, codal authority or jurisprudential pronouncement. Our peremptory exception of no cause of action addresses this very question and is sustainable when it is determined that the law does not grant a remedy to anyone under the particular allegations raised. Pursuant to LSA-C.C.P. Art. 927 an appellate court may notice ex proprio motu a peremptory exception of no cause of action.
Furthermore, under LSA-C.C.P. Art. 2164 an appellate court shall render any judgment on appeal which is just, legal, and proper upon the record on appeal.
In her conclusions and recommendations, Lisa M. Martin, DHHR's hearing officer, specifically made a finding that the overissuance of food stamps to Lori was caused by an administrative error. In connection with overissuance caused by an administrative error, 7 U.S.C.A. § 2022(b)(2)(A), one of the statutes from which our State food stamp program draws its source, particularly provides:
"State agencies shall collect any claim against a household arising from the overissuance of coupons, other than ... claims arising from an error of the State agency, ...." (Emphasis added.)
We have combed the record of these proceedings, the civil code, the revised statutes, and DHHR's appellate court brief[1] and find no citation of authority which would permit DHHR to recover the overpayment from Lori. In the absence of a rule promulgated by DHHR in conformity with the Administrative Procedures Act, and formally introduced into the record, which would negate 7 U.S.C.A. § 2022(b), we find that since DHHR has not cited any law, or rule which carries the effect of law, to support its recovery from Lori, that it has failed to state a cause of action. Therefore, for different reasons than those relied upon by the trial court, we find that DHHR's administrative decision which allowed DHHR to recover the amount of overissuance from Lori was properly reversed.
Moreover, assuming for purposes of argument that DHHR has the authority to recover this overissuance, we find LSA-R.S. 49:964 G(5) applicable herein and, under the facts of this case, conclude that it militates against DHHR's administrative decision to recover the overissuance. LSA-R.S. 49:964 G(5) provides:
"G. ... The court may reverse or modify the [administrative] decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
* * * * * *
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;...." (Emphasis added.)
The record in the case sub judice shows that Lori is the single mother of two children, receiving $174 per month in Aid for Families with Dependant Children and $50 per month child support for her oldest child, a total monthly income of $224. At the time Lori applied for food stamps she resided with her father, paying him $25 rent per month, and maintained an insurance burial policy at a monthly cost of *737 $14.95. In addition, Lori's miscellaneous household expenses totaled $30 to $40 per month. At the time of her hearing in district court, Lori was living in a trailer located next to her father's home.
The evidence establishes that Lori is at the gross poverty level without any means of support other than public assistance. Lori directly stated to DHHR's hearing officer that the recovery of this $2,021 would present a financial hardship to her and her family. Under these circumstances, particularly since the overpayment at issue was caused by an administrative error on DHHR's part, and as directed by LSA-R.S. 46:102(1) DHHR is required to see that its rules and regulations are complied with "so that the spirit and purposes of the public welfare laws may be achieved," we find that the administrative decision finding Lori liable to DHHR for $2,021 was a clear unwarranted exercise of DHHR's discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to DHHR.
AFFIRMED.
DOMENGEAUX, C.J., concurs in the result.
NOTES
[1] We note that under LSA-R.S. 49:951(2) DHHR is covered by the Administrative Procedure Act, see Germany v. State, Dept. of Health & Human Res., 493 So.2d 800 (La.App. 2nd Cir.1986), writ denied, 496 So.2d 352 (La.1986), and that pursuant to LSA-R.S. 49:954 and 954.1 it was required to file its rules in the Louisiana Register to be effective.

Under LSA-C.E. Art. 202 B(1) it is not mandatory for a court to take notice of the rules of the agencies of this State unless a party requests it and provides the court with the information needed to comply with the request. In the present case, since DHHR has not cited its rule, if one exists, for authority to pursue the collection of the overpayment resulting from this administrative error, it is within our discretion whether we will search for such authority in the body of DHHR's rules in the Louisiana Register, which is not in the possession of our appellate court. After carefully considering this matter, we decline to do so. In accord see Washington v. Dairyland Insurance Company, 240 So.2d 562 (La.App. 4th Cir.1970).