**UNITED STATES of America, Plaintiff,**

v.

**Benjamin Barry KRAMER,
et al., Defendants.**

**No. 87–879–CR–ROETTGER.**

United States District Court,
S.D. Florida.

Oct. 17, 1996.

James H. Swain, Asst. U.S. Atty., Miami, FL, for plaintiff.

Thomas V. Girardi, James B. Kropff, Girardi and Keese, Los Angeles, CA, and Larry S. Stewart, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, for claimant Julie Coyne.

Russell K. Marne, Newsom, Giffen & Marne, San Rafael, CA, for Claimant Lois J. Pierson.

### ORDER

ROETTGER, Chief Judge.

**THIS CAUSE** is before the Court on motion of the United States for an order to show cause. The United States requests relief from this court as a result of two separate civil complaints filed by Lois Pierson and Julie Coyne in the Superior Court for the State of California seeking declaratory relief and damages with respect to elements of the proposed disposition of the United States' interest in the LCP Limited Partnership ("LCP"); these actions are presently pending in the United States District Court for the Central District of California as a result of removal by the United States. The United States seeks an order from this court directing Lois Pierson and Julie Coyne to dismiss all pending California proceedings with relation to the government's interest in LCP or transfer such cases to this court and prohibiting the filing of any subsequent actions.

The United States owns an interest in LCP by virtue of an order of forfeiture pursuant to 18 U.S.C. § 1963 entered in this case. *U.S. v. Kramer, et al.,* 807 F.Supp. 707 (S.D.Fla.1991); aff'd in part, as to these issues 73 F.3d 1067 (11th Cir.1996). Therefore, it is this section which defines the court's role in the disposition of the government's interest. 18 U.S.C. § 1963(j) vests jurisdiction in this court to enter orders as provided for in the statute without regard to the location of any property which has been ordered forfeited. *See U.S. v. Martenson,*

780 F.Supp. 492 (N.D.Ill.1991). The statute vests the authority to dispose of forfeited property in the Attorney General. 18 U.S.C. § 1963(f). The court, upon application of the United States, has the authority "[to] enter such appropriate restraining orders or injunctions, ... appoint receivers, conservators, appraisers, accountants or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited." 18 U.S.C. § 1963(e).

The statutory scheme envisions the disposition of forfeited assets by the Attorney General with the assistance of the court in which the forfeiture was entered irrespective of the location of the property.[1] The jury trial in the instant case, plus the determination of the claimants' interests, consumed more than five months; to involve another court at this juncture would require a substantial duplication of judicial labor in light of the complex nature of this case evidenced by the thirty-five page forfeiture opinion issued by this court detailing the criminal enterprise established by Benjamin Kramer and others. *See Kramer*, 807 F.Supp. 707 (S.D.Fla.1991). For these reasons, this court has denied previous requests (all made after the trial) to transfer this matter to California. Further, the order appointing the successor trustee under 18 U.S.C. § 1963(e) directed that claims arising out of the exercise of the trustee's powers were to be addressed by this court.

However, this court is not in the habit of enjoining other United States District Courts. The government may wish to file a motion with respect to the arguments made in the instant motion before the court in the Central District of California. Therefore, it is

**ORDERED AND ADJUDGED** that the motion for an order to show cause is hereby DENIED without prejudice.

---

**1.** The delay in disposition of the government's interest-said to be the largest forfeiture in the U.S. Marshal's Service inventory-is the subject of hearings by the Permanent Subcommitte on Investigations of the U.S. Senate.