**UNITED STATES of America, Plaintiff,**

v.

**John HYDE, Defendant.**

**HYKING LLC, Mary Alice King, and Christine Hyde, Third Party Claimants.**

**No. CR02–0016 PJH.**

United States District Court, N.D. California.

Oct. 17, 2003.

---

Rebecca Silbert, Federal Public Defender's Office, Solomon Wollack, Minami Lew & Tamaki LLP, San Francisco, CA, for defendant.

## ORDER GRANTING MOTION BY THIRD PARTY CLAIMANT FOR INTERLOCUTORY SALE AND SUBSTITUTION OF NEW RES AS SUBSTITUTE PROPERTY AND GRANTING MOTION BY DEFENDANT TO SUBSTITUTE SECURITY FOR RELEASE BOND

CHEN, United States Magistrate Judge.

Defendant John Hyde is charged with mail fraud, health care fraud and money laundering. The indictment seeks forfeiture under 18 U.S.C. Section 982(2)(1) of over $1 million representing proceeds of Hyde's alleged money laundering offenses. The indictment further specifies that in the event Hyde has transferred, commingled or placed that property beyond the jurisdiction of the Court, the Government will seek forfeiture of "any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property)," including but not limited to his interest in residential property in Stinson Beach, California. The Stinson Beach property, listed as substitute property not forfeiture property, is nominally owned by HyKing of which Hyde's daughter owns 49%, his daughter-in-law 49%, his wife 1% and himself 1%. The Government contends it will seek to pierce the corporate veil and demonstrate that Hyde in fact owns a much larger share of HyKing and thus the

Stinson Beach house. The Stinson Beach property has also been posted as security for Hyde's release bond.

Third Party Claimants—HyKing, the daughter and daughter-in-law—seek to sell the Stinson Beach property as a result of recently discovered code problems which have diminished the size and value of the house; they want to trade the property for another house in Novato, California. They cannot effect the trade, however, because of the *lis pendens* notice filed by the Government on the Stinson Beach House. The Third Party Claimants, therefore, have moved the court for an order permitting the interlocutory sale of the Stinson Beach house and substituting a house in Novato as the new substitute property and to which the *lis pendens* notice would be transferred. Defendant Hyde has also moved to have the Novato house substituted as security for his release bond in lieu of the Stinson Beach house.

The Third Party Claimant's motion, referred to this Court by Judge Hamilton, came on for argument on October 1, 2003 and again on October 15, 2003. Defendant Hyde's motion was previously argued and submitted. Having considered the papers filed in support of and in opposition to the motions and argument of counsel, and good cause appearing therefor, the Court hereby GRANTS the motions.

▆ Contrary to the Government's contention, the motion brought by Third Party Claimants may be heard prior to conviction. 21 U.S.C. § 853 entitled "Bar on intervention" does not bar the Court from entertaining the instant motion. The Stinson Beach property at issue is not alleged in the indictment to be subject to criminal forfeiture under Section 853(a). Rather, it is substitute property under Section 853(p). The instant motion does not seek to defeat the Government's right to seek forfeiture of the substitute property, does not seek to litigate the Claimant's interest

in the property, and does not concern the merits of the indictment. It does not constitute a "premature attack[ ] upon the validity of the indictment," a central concern of Section 853's bar on intervention. *United States v. Siegal,* 974 F.Supp. 55, 58 (D.Mass.1997). Instead, the Third Party Claimants merely seek to substitute another res of equal or greater value (the Novato residence) for the substitute property upon which the Government has placed a *lis pendens* notice (the Stinson Beach property); they seek such relief in order to prevent wasting of the asset for the reasons described in their moving papers.

Importantly, the Third Party Claimants have stipulated that whatever right the Government may have in seeking substitute forfeiture of the Stinson Beach property will not be affected by the change in res to the Novato residence; they have further stipulated that they will not raise any defense based upon the proposed transfer. *See* Stipulation. By Defendant and Third Party Claimants attached to Letter from Brenda Grantland to the Court dated October 15, 2003.

Neither party has cited any Ninth Circuit case directly on point. The Government in particular has cited no case precluding this Court from hearing the motion. The Court finds the district court's decision in *United States v. Scardino,* 956 F.Supp. 774 (N.D.Ill.1997), cited by the Third Party Claimants, instructive. There, a defendant moved for an order voiding the Government's *lis pendens* notices placed on real estate ostensibly owned only by her and not her co-defendant husband. The indictment did not allege any forfeiture allegations against the moving party; her properties were listed only as "substitute properties." *Id.* at 776. The court entertained the motion and found there was substantial evidence that nine out of the ten

properties at issue were given to the movant by her husband to keep the properties out of the Government's reach and therefore denied her motion. It found, however, that a tenth property was not likely forfeitable under Section 853(p) and voided the *lis pendens.* *Scardino* substantiates this Court's conclusion that a motion to remove or modify a *lis pendens* notice may brought by a party (who is not subject to a forfeiture charge) prior to conviction of the forfeiture defendant.

In this case, Third Party Claimants seek more modest relief. They do not seek to void the *lis pendens* notice. They seek to substitute one substitute asset for another. Indeed in *Scardino,* the government agreed such a substitution would be permissible. *See Scardino,* 956 F.Supp. at 781 ("as correctly noted by the Government, Diana Scardino could render the lis pendens notices unnecessary merely by agreeing to escrow $1,280,000"). The function of substitute assets under Section 853(p) is to provide collateral for payment should forfeiture assets under Section 853(a) not be available to satisfy the judgment upon conviction of the defendant. Unlike forfeiture assets under Section 853(a), the precise identity of the substitute property is not important.[1] Given its purpose, what is important is the value of the substitute asset.

The Court has received adequate assurance that the value of the proposed substitute property is no less than the original substitute property. The Court, having previously ordered and reviewed appraisals of the two properties at issue, has concluded that the Government's financial interest will not be diminished in any way should the transfer of the *lis pendens* no-

tice be allowed; there will be equal or more equity in the Novato residence than currently exists in the Stinson Beach house. Furthermore, in view of the Defendant's and Third Party Claimants' stipulation discussed above, the Government will suffer no legal prejudice. The Court sees no reason why the transfer of the *lis pendens* notice from the Stinson Beach Property to the Novato property should not be allowed.

For the same reason, the Court also finds it appropriate that the Novato property be substituted for the Stinson Beach property as security for Defendant's pretrial release bond.

To hold that Third Party Claimants have no right whatsoever to seek relief in these circumstances could raise significant constitutional concerns. The Ninth Circuit has held that precluding third parties an opportunity to challenge a post-indictment order restraining the transfer of property violates due process. *United States v. Crozier,* 777 F.2d 1376, 1382–84 (9th Cir. 1985). While a *lis pendens* notice may be considered less restrictive that a restraining order, and courts outside the Ninth Circuit have held such notice does not constitute a "seizure" triggering Due Process rights (*see e.g. United States v. Register,* 182 F.3d 820, 835–37 (11th Cir.1999); *United States v. Miller,* 26 F.Supp.2d 415, 432, n. 15 (N.D.N.Y.1998)) and may be imposed upon a substitute asset (*United States v. Field,* 867 F.Supp. 869, 873 (D.Minn.1994)), the courts have also acknowledged that the effect of a *lis pendens* notice may be to prevent the sale or property. *United States v. James Daniel Good Real Property,* 510 U.S. 43, 58, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *Register, su-*

---

1. Substitute assets need not be identified specifically in the indictment; an order substituting assets may be made by the court after the initial forfeiture has been determined. See

*United States v. Hurley,* 63 F.3d 1, 23 (1st Cir.1995); *United States v. Martenson,* 780 F.Supp. 492, 494–95 (N.D.Ill.1991)

*pra,* 182 F.3d at 836, *quoting Chrysler Corp. v. Fedders Corp.,* 670 F.2d 1316, 1323 (3d Cir.1982) (*lis pendens* notice makes it "virtually impossible to sell or mortgage the property"). In the instant case, Third Party Claimants state that they may lose the Stinson Beach house to foreclosure because of the problems they have had with it and the high financial cost of maintaining it, and that their opportunity to sell it to a third party will be lost if the notice is not removed. While it appears that the Ninth Circuit has not addressed the issue, it is possible that under the multi-factor Due Process balancing test applied by the Ninth Circuit in *Crozier,* Due Process could be violated should the instant motion not be heard on the merits, particularly in view of the effective restraint on alienation and the availability of a less drastic alternative that would preserve the Government's stated interests.

The Court further notes that a categorical bar on motions to modify the *lis pendens* notice on substitute property would create a paradox. The Ninth Circuit has held that substitute assets, unlike forfeiture assets, may not be restrained prior to conviction. *United States v. Ripinsky,* 20 F.3d 359, 365 (9th Cir.1994). Regardless of whether a *lis pendens* notice may legally be filed against substitute property (an issue not addressed in *Ripinsky*), it is evident that at the very least, third parties are afforded maximum pre-conviction protection as relates to substitute assets. Yet, under the Government's construction of the law herein, third parties would be afforded no rights in protecting their interests against the restraint imposed by the *lis pendens* notice on substitute assets prior to conviction, no matter what the circumstances.

Because the Court concludes the motion may be heard on the merits and finds that the Government will not be prejudiced by

the proposed transfer, the Court hereby grants the motion and orders the following:

1. The Government shall take all necessary steps to remove the *lis pendens* and lien securing the release bond of John B. Hyde as to 98 Calle del Ribera, Stinson Beach (hereinafter "Property # 1") in a manner to allow the sale of Property # 1 in escrow # 226047AC with First American Title Co. of Marin.

2. The escrow proceeds from that sale will be transferred directly and immediately from First American Title Co. of Marin, escrow agent for the Stinson Property (escrow # 226047AC), to escrow # 0434001787 with Old Republic Title Company, the escrow agent for the Novato property commonly known as 84 Half Moon Road, Novato, CA 94947 (hereinafter "Property # 2"). The proceeds shall be used for no other purpose than to acquire Property # 2.

3. The parties shall take all steps necessary to place the Government's *lis pendens* on Property # 2 at the close of escrow, immediately after recordation of, and in a junior position to the deed of trust to first mortgage holder, Pacific Guarantee Mortgage Corp. The escrow instructions shall further require the placement of the lien securing the bail bond of John B. Hyde, in a junior position to the Government's *lis pendens.*

4. The two escrows shall close as simultaneous as practicable.

5. If for any reason the purchase is not consummated on the property located at 84 Half Moon Road, Novato, CA 94947, the sale proceeds from 98 Calle del Ribera shall remain in the escrow account at Old Republic Title Co. pending further order of this Court. In such event, Old Republic Title and the parties hereto shall be directed not to make any disbursements of the

proceeds absent further order of this Court.

6. The Government's security in the equity of Property # 1 which is released hereby shall be replicated in the equity of Property # 2 without diminution.

7. Pursuant to the Stipulation by Defendant and Third Party Claimants, and their representation in open court, the transfer of the *lis pendens* from one property to the other will not change the legal positions of the parties vis a vis the forfeiture count or bail bond lien. No new defenses may be raised upon this transfer. Any and all ownership issues that the Government may raise in its attempt to seek forfeiture of substitute assets from John B. Hyde will hereby transfer to Property # 2.

IT IS SO ORDERED.