**UNITED STATES of America,**

v.

**Wayne Franklyn Mohamed Farid CHINN, et al.**

No. 87 Cr. 985.

United States District Court,
S.D. New York.

June 30, 1988.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; Baruch Weiss, of counsel.

Cooper & Arguedas, Berkeley, Cal., for defendant Chinn; Penelope M. Cooper, Cristina C. Arguedas, of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

On December 22, 1987, Wayne Franklyn Mohamed Farid Chinn, a director of Wedtech Corporation, was charged, *inter alia,* with having received criminally improper payments from the company as a participant in a racketeering enterprise in violation of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–1963. The indictment further charges that pursuant to 18 U.S.C. § 1963(a)[1] the money so acquired by Chinn, totaling $690,000, is subject to forfeiture upon conviction.[2] In order to protect any future right to forfeit this amount,

---

1. Section 1963(a) provides for the forfeiture of:
(1) any interest the person has acquired or maintained in violation of section 1962;
(2) any—
(A) interest in;
(B) security of;
(C) claim against; or
(D) property or contractual right of any kind affording a source of influence over; any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct in violation of section 1962; and
(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity ... in violation of section 1962....

2. The government contends that Chinn and codefendant Rusty Kent London are jointly and severally liable for the total amount received by

the government the same day applied for and was granted an Order of Restraints and Prohibitions against Chinn's assets pursuant to 18 U.S.C. § 1963(d).[3] On January 15, 1988, upon application of the parties, the restraining order was modified to permit Chinn to withdraw certain amounts from his accounts each month to cover business and living expenses.

Chinn now contends that the modified order of restraint works an impermissible restriction on his right to the assistance of counsel under the Sixth Amendment to the United States Constitution since it leaves him no assets with which to pay his lawyers, particularly because the restraint includes certain properties he bought before the period covered by the indictment. These assets include two valuable automobiles, and an interest in a limited partnership, "Palomar", Chinn transferred to his wife after he became a target of the investigation, but before he was indicted.

I turn first to Chinn's statutory argument that assets obtained by him before the period covered by the indictment may not be restrained prior to conviction, and that he should be permitted to use them in order to retain counsel, his wife having consented to such use of Palomar. These assets do not fall within the facial definition of forfeitable property enumerated in Section 1963(a) since they are wholly unconnected to Chinn's alleged criminal activity. The government, however, points to 18 U.S.C. § 1963(n)[4] which under certain conditions allows *forfeiture*, as opposed to restraint, of *any* asset of a defendant, and argues that if this 1986 Amendment merely codified the rule set forth in cases interpreting the 1982 version of Section 1963(a),[5] Chinn's previously obtained assets *will* be subject to forfeiture upon conviction under the theory 1963(n) codified. Following this theory, they contend that upon the exercise of due diligence the alleged

the two. *See United States v. Benevento,* 836 F.2d 129 (2d Cir.1988) (forfeiture under 21 U.S.C. § 853(a)(1) imposes joint and several liability). Since Chinn claims he is without assets to satisfy a judgment for even one half of the total amount, the court need not determine whether imposition of joint and several liability will ultimately be appropriate here, or is appropriate in a pretrial restraint.

3. Section 1963(d)(1)(A) provides in pertinent part:

(d)(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—

(A) upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section ...
(emphasis added).

4. 18 U.S.C. § 1963(n) reads:
If any of the property described in subsection (a), as a result of any act or omission of the defendant—
(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third party;
(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty;
the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

5. *See United States v. Navarro–Ordas,* 770 F.2d 959, 970 (11th Cir.1985) ("To carry out Congress' intent, a court must order forfeiture of the amount of the profits and place the burden of satisfying the order on the convicted defendant, regardless of what he may actually have done with the profits."), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986); *United States v. Conner,* 752 F.2d 566, 576 (11th Cir.) ("The forfeiture in this case is for a specific amount of money. It is in personam and is a money judgment against the defendant for the same amount of money which came into his hands illegally in violation of Title 18, Section 1963(a)(1)."), *cert. denied,* 474 U.S. 821, 106 S.Ct. 72, 88 L.Ed.2d 59 (1985); *United States v. Ginsburg,* 773 F.2d 798, 801 (7th Cir.1985) ("The government's right to forfeit the profits or proceeds of racketeering activity under Section 1963(a)(1) is therefore not limited to what ever is left over or unspent at the time of conviction, but instead includes the entire amount that was acquired by the defendant in violation of RICO."), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986). These three cases, I note, concern post-conviction forfeiture.

fraudulently obtained proceeds, assuming them to be so, appear to be unavailable here, and therefore urge that the assets Chinn purchased earlier should be restrained now in order to preserve their availability for possible post-conviction forfeiture.

Chinn correctly observes that Section 1963(n), enacted in October 1987, cannot be applied retroactively to levy against assets he obtained before the period covered by the indictment, 1985–86. *See e.g. United States v. Lizza Industries, Inc.,* 775 F.2d 492, 497 n. 3 (2d Cir.1985), *cert. denied* 475 U.S. 1082, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986). Moreover, although the Second Circuit has ruled that the RICO post-conviction forfeiture provision in place before the 1984 and 1986 Amendments imposes *in personam* liability, and that the government therefore need not trace the proceeds of racketeering activity to identifiable assets after conviction, *United States v. Robilito,* 828 F.2d 940, 948–49 (2d Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 711, 98 L.Ed.2d 662 (1988), there is no authority permitting application of that rule where an accused has neither been tried, nor convicted.[6] In the absence of any authority for pre-trial attachment of assets not specifically named in Section 1963(a), and therefore not covered by Section 1963(d), I decline to order such an extension by judicial fiat.

Accordingly, Chinn's automobiles and the interest in Palomar, purchased prior to any alleged involvement with Wedtech, and according to his counsel, his only substantial assets, Tr. Mar. 31, 1988, pp. 2–3, are released from the Order of Prohibitions and Restraints. Given Chinn's counsel's observation to the court that Chinn's "greatest interest is that these funds be released so that we might be retained to represent him," Tr. Mar. 31, 1988, pp. 11–12, the constitutional issue raised by Chinn as to his inability to retain counsel of his choice is now moot.

Submit order on notice. All parties in this case are to appear before the court on July 18, 1988 at 4:00 p.m. in Courtroom 128 in order to set a date for trial.

---

**6.** *And see United States v. McKeithen,* 822 F.2d 310, 315 (2d Cir.1987) citing *United States v. About 151.682 Acres of Land,* 99 F.2d 716, 720 (7th Cir.1938) ("to forfeit property a connection must be shown with that which offends."); *and see United States v. Huber,* 603 F.2d 387, 397 (2d Cir.1979) ("... where the forfeiture threatens disproportionately to reach untainted property of a defendant ... section 1963 permits the district court a certain amount of discretion in avoiding draconian [and perhaps potentially unconstitutional] applications of the forfeiture provision.").