**The UNITED STATES of America, Plaintiff,**

v.

**Wayne J. SKILES, et al., Defendants.**

**Crim. A. No. 1:88–cr–458A–MHS.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 22, 1989.

Lawrence O. Anderson, Office of U.S. Atty., Atlanta, Ga., for plaintiff.

Jerome J. Froelich, Atlanta, Ga., Edward S. Panzer, New York City, for defendants.

### ORDER

SHOOB, District Judge.

The Court held a hearing on January 12, 1989, to determine whether to grant defendant Skiles' motions to suppress and to vacate the restraining order entered in this case. The Court, after determining that defendant was entitled to a hearing on his motion to vacate the restraining order, asked for argument and evidence from both sides on the pending motions. Both sides adequately addressed the motion to suppress, but defendant's counsel suggested that the motion to vacate the restraining order could best be addressed through a proffer jointly made by the parties. The U.S. Attorney agreed, but both parties la-

ter informed the Court that no proffer would be made. Therefore, while the Court offered the parties a hearing and an opportunity to supplement the record, both parties chose to allow the Court to decide the motions on the record already before it.

In reviewing the evidence presented at the hearing, the briefs by both parties and the Magistrate's Report and Recommendation, the Court finds no reason to differ from the Magistrate. While the Government may have a hard time proving its case against defendant Skiles, the Court cannot say at this stage that it has not presented sufficient support for its affidavit or its restraining order.

The main disagreement centers around the Government's restraint of assets in addition to defendant's house, which was allegedly used to further the conspiracy. The Government argues that a new statutory provision, 21 U.S.C. § 853(p)(4), provides for the restraint of additional assets upon showing that the assets rightfully restrained have been substantially diminished in value. While the Court has received numerous phone calls from defendant's counsel assuring the Court that the encumbrances on the house had been paid down, defendant's counsel never presented evidence to that effect. Therefore, the Court must accept the evidence before it, which shows that the house had been substantially encumbered and, if it is forfeited after defendant's trial, will not be worth what it had been at the time of the incidents in question.

21 U.S.C. § 853(p) states that,

If any of the property described in subsection (a), as a result of any act or omission of defendant ... (4) has been substantially diminished in value; ... the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

This provision would clearly apply if, after conviction and forfeiture of the house, it were determined that the value of the house had been substantially diminished by Skiles.

At the outset of this criminal proceeding Skiles was restrained from encumbering his house because it appeared that it would be subject to forfeiture on a verdict of guilty on the underlying charges. At that time it was determined that the house had already been significantly encumbered. Thus, to ensure sufficient assets for forfeiture, the Government sought to restrain substitute assets. The Court sees little difference between the restraint of the house and the restraint of assets worth the value of the house unencumbered. The statute provides for the restraint of assets that may be forfeited if defendant is convicted. It goes on to provide for the substitution of assets. Had Congress not wished to allow for the restraint of assets that will likely be substituted after forfeiture of the principal asset is shown to be insufficient, it could have stated that in the law or the discussion of the new provisions. Defendant has presented no evidence that Congress intended anything other than what the statute clearly allows.

Had defendants presented evidence that the encumbrances had been diminished or that the value of the substitute assets far exceeded the value of the house, the Court would have considered that information in making its decision. But mere allegations without more cannot be used to disturb the finding of the Court in issuing the restraining order.

Therefore, after holding a hearing on the motion to vacate the restraining order, the Court ADOPTS AS ITS ORDER the Report and Recommendation of the Magistrate.[1] Defendant Smith has numerous motions pending before the Court. The Court will REMAND these motions to the Magistrate for consideration.

IT IS SO ORDERED.

---

1. The Court obviously disagrees with the portion of the Report and Recommendation stating that defendant was not entitled to a hearing on the motion to vacate. The Court agrees, however, with the Magistrate's conclusion that defendant's assets were properly restrained.