UNITED STATES of America,

v.

Bin WU, Jing Ping Li, Pinzhe Zhang, Defendants.

Crim. No. 92–188–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 4, 1993.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, VA, for US.

James O. Broccoletti, Norfolk, VA, for defendant Bin Wu.

Bart Daniel, Norfolk, VA, for defendant Jing Ping Li.

Andrew R. Sebok, Norfolk, VA, for defendant Pinzhe Zhang.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant Bin Wu's Petition for Release of Frozen Assets. For the reasons set forth below, the court DENIES defendant Wu's petition.

### I. Procedural History

On October 27, 1992, the court issued an Order that extended a temporary restraining order previously entered in this case, thereby enjoining, with limited exceptions,[1] the dis-

1. One exception to the Order encompassed Five Thousand Dollars ($5,000.00) in the Nationsbank

posal of any property in which defendants had an interest.[2] On November 4, 1992, the grand jury returned an indictment charging defendants, among other things, with five counts of violating 22 U.S.C. § 2778 (unauthorized export of defense articles), thirty-eight counts of violating 18 U.S.C. § 1956 (transfer of funds with intent to promote unlawful activity), and one count of violating 18 U.S.C. § 1957 (engaging in a monetary transaction in property derived from specified unlawful activity), and alleging criminal forfeiture against them under 50 App.U.S.C. § 2410(g) and 18 U.S.C. § 982(a)(1). Upon the indictment, the October 27, 1992 Restraining Order by its terms was continued in full effect until further order of the court. Order dated Oct. 27, 1992, at 2–3; see 21 U.S.C. § 853(e)(1)(A),[3] 18 U.S.C. § 1963(d)(1)(A).[4] The Restraining Order remains in effect today.

On November 2, 1992, defendant Wu filed his Petition for Release of Frozen Assets. On January 11, 1993, he submitted a Memorandum in support thereof. Defendant Wu seeks the release of all monies from Nationsbank account 8422–1627, in the name of Jieying Wang, apparently defendant Wu's wife. (Def.'s Mem. in Supp. of Mot. to Release Assets, at 1, ¶ I.B.)[5] On January 19, 1993, the United States submitted its Memorandum in opposition to defendant Wu's petition.

## II.  Defendant Wu's Petition

The primary legal question presented by the petition is whether a restraining order issued pursuant to 18 U.S.C. § 1963(d)(1)(A)[6] may apply to "substitute" assets under 18 U.S.C. § 1963(m).[7] The petition also raises the additional, though virtually identical, question of whether a restraining order issued pursuant to 21 U.S.C.

---

account, number 8422–1627, of Jieying Wang, apparently defendant Wu's wife.

2.  The basis for the injunction was 21 U.S.C. § 853(e)(1)(B), as incorporated by 18 U.S.C. § 982(b)(1)(A), and 18 U.S.C. § 1963(d)(1)(B), as incorporated by 50 App.U.S.C. § 2410(g)(2) and 22 U.S.C. § 2778(e). Title 21 U.S.C. § 853(e)(1)(B) and 18 U.S.C. § 1963(d)(1)(B), which are parts of larger statutory criminal forfeiture provisions, allow the United States to apply, before the filing of an indictment or information, for a restraining order to preserve the availability of potentially forfeitable property.

3.  21 U.S.C. § 853(e)(1)(A) provides:

Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property ... for forfeiture under this section—

(A) upon the filing of an indictment or information charging a violation ... for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section....

21 U.S.C. § 853(e)(1)(A). See also 21 U.S.C. § 853(e)(1) (providing for the extension, upon the filing of an indictment, of a pre-indictment restraining order entered pursuant to 21 U.S.C. § 853(e)(1)(B)); supra note 2.

4.  18 U.S.C. § 1963(d)(1)(A) provides:

Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to

preserve the availability of property ... for forfeiture under this section—

(A) upon the filing of an indictment or information charging [an apposite] violation and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section....

18 U.S.C. § 1963(d)(1)(A). See also 18 U.S.C. § 1963(d)(1) (providing for the extension, upon the filing of an indictment, of a pre-indictment restraining order entered pursuant to 18 U.S.C. § 1963(d)(1)(B)); supra note 2.

5.  See supra note 1.

6.  See supra note 4 for the relevant text of the statute.

7.  18 U.S.C. § 1963(m) provides:

If any of the [forfeitable] property ... as a result of any act or omission of the defendant—

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

18 U.S.C. § 1963(m).

§ 853(e)(1)(A)[8] may apply to substitute assets under 21 U.S.C. § 853(p).[9] By his petition, defendant Wu contests the propriety under the relevant statutes of restraining, before any conviction, assets that would not themselves be forfeitable in the first instance but that would be forfeitable only if other, primarily forfeitable assets were effectively out of reach.[10]

Fourth Circuit caselaw provides simple answers to the questions raised by the petition, defendant Wu's arguments to the contrary notwithstanding. *In re Billman,* 915 F.2d 916 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2258, 114 L.Ed.2d 711 (1991), holds that "subsection (d)(1)(A) [of 18 U.S.C. § 1963] must be read in conjunction with subsection (m) [of 18 U.S.C. § 1963] to preserve the availability of substitute assets pending trial." *Id.* at 921. The Fourth Circuit observed that "[t]he purpose of § 1963(d)(1)(A) is to preserve pending trial the availability for forfeiture of property that can be forfeited after trial." *Id.* Looking to congressional intent, the Court of Appeals liberally construed the statute to effect its purpose. *Id.*[11]

*Billman* ratifies the pre-conviction restraint, under 18 U.S.C. § 1963, of assets that would not upon conviction be directly and firstly forfeitable, but that would be forfeitable only if primarily forfeitable assets were in effect unreachable. *Billman* stands for the proposition that, pursuant to 18 U.S.C. § 1963, a district court legitimately may restrain, pending trial, the disposal of substitute assets, that is, assets that would only be secondarily forfeitable upon conviction.

■ Given the nearly identical purposes and structures of 18 U.S.C. § 1963 and 21

U.S.C. § 853,[12] this court concludes, under the same rationale as the appellate court used in *Billman,* that a restraining order issued pursuant to 21 U.S.C. § 853(e)(1)(A) may apply to substitute assets under 21 U.S.C. § 853(p). In fact, it is easier to construe section 853 of Title 21 as allowing for pretrial restraint of substitute assets than it is so to read section 1963 of Title 18. Whereas the text of 18 U.S.C. § 1963 does not address the issue, 21 U.S.C. § 853 expressly provides that its provisions "shall be liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(*o*).

This court has issued the only reported decision on the issue of whether a section 853(e) restraining order can reach section 853(p) substitute assets. In *United States v. Swank Corp.,* 797 F.Supp. 497 (E.D.Va.1992), the court concluded that a restraining order issued pursuant to 21 U.S.C. § 853(e) may apply to substitute assets under 21 U.S.C. § 853(p). *Id.* at 500–04. The court sees no reason now to reconsider *Swank.*

Thus, the court holds that a restraining order issued pursuant to 18 U.S.C. § 1963(d)(1)(A) may apply to substitute assets under 18 U.S.C. § 1963(m), and that a restraining order issued pursuant to 21 U.S.C. § 853(e)(1)(A) may apply to substitute assets under 21 U.S.C. § 853(p). Given the scope of the forfeiture alleged in the indictment, restraint of substitute assets appears necessary in this case reasonably to ensure the fullest possible satisfaction of any forfeiture order that the court ultimately might enter. To the extent, then, that assets subject to the October 27, 1992 Order, including Jieying Wang's Nationsbank account 8422–1627, are substitute assets under 18 U.S.C.

---

8. *See supra* note 3 for the relevant text of the statute.

9. The language of 21 U.S.C. § 853(p) tracks that of 18 U.S.C. § 1963(m) virtually verbatim. *See supra* note 7.

10. Defendant Wu's petition rests on the assumption that some portion of the monies on deposit in Jieying Wang's bank account represents substitute assets. Though the court views this assumption with some skepticism, the court accepts it for present purposes. *See infra* note 13.

11. The Fourth Circuit also implicitly rejected the case upon which defendant Wu primarily relies, *United States v. Chinn,* 687 F.Supp. 125 (S.D.N.Y.1988), noting the consistency with *Chinn* of the district court decision that it was reversing in *Billman.* 915 F.2d at 919.

12. "This statute [21 U.S.C. § 853] is, in nearly all respects, identical to the RICO criminal forfeiture statute [18 U.S.C. § 1963]...." S.Rep. No. 225, 98th Cong., 2d Sess. 209 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3392.

§ 1963(m) and 21 U.S.C. § 853(p), the Order lawfully restrains their disposal.[13] Accordingly, the court DENIES defendant Wu's petition.

### III. Issues Not Addressed

In the court's view, the central legal issues posed by defendant Wu's petition are whether Jieying Wang can intervene in this case at this juncture to contest the breadth of the October 27, 1992 Restraining Order, and whether defendant Wu has standing to contest the Restraining Order on her behalf. The first issue arises under 18 U.S.C. § 1963(i) and (l)[14] and 21 U.S.C. § 853(k) and (n),[15] and the second under Article III of the Constitution.[16] Defendant Wu has not addressed these issues.

■■■ The court has located no reported decisions addressing the first issue. Although the applicable statutes might appear to bar intervention by a third party claiming an interest in property allegedly subject to potential forfeiture until the court actually enters a judgment of forfeiture, 18 U.S.C. § 1963(i), 21 U.S.C. § 853(k), the language of the statutes does not necessarily compel such a conclusion. The relevant legislative histories, moreover, suggest the propriety of allowing third party intervention at this stage of the case.[17] Further, as stated previously, the court liberally reads the statutes in question with an eye toward effectuating their common purposes. One such purpose is the avoidance of overinclusiveness; the statutes sanction neither forfeiture nor, presumably, restraints on ·the alienability, of property with respect to which a third party can establish, by a preponderance of the evidence, a right, title, or interest exclusive of or superi-

13. To the extent that the credits to Nationsbank account 8422–1627 represent direct or indirect proceeds derived from defendant Wu's alleged crimes, for example, such assets would be primarily and directly forfeitable. By his petition, defendant Wu has not challenged the restraint of assets that would be primarily and directly forfeitable upon conviction.

14. 18 U.S.C. § 1963(i) provides:
   Except as provided in subsection (l), no party claiming an interest in property subject to forfeiture under this section may—
      (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
      (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.
   18 U.S.C. § 1963(i).
   18 U.S.C. § 1963(l) provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 18 U.S.C. § (l)(2). 18 U.S.C. § 1963(l) further provides:
   If, after the.hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
      (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
      (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
   the court shall amend the order of forfeiture in accordance with its determination.
   18 U.S.C. § 1963(l)(6).

15. The language of subsections (k) and (n) of 21 U.S.C. § 853 tracks virtually verbatim that of subsections (i) and (l), respectively, of 18 U.S.C. § 1963. See supra note 14.

16. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

17. S.Rep. No. 225, 98th Cong., 2d Sess. 206 n. 42 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3389 ("This provision [18 U.S.C. § 1963(i)] is not intended to preclude a third party with an interest in property that is or may be subject to a restraining order from participating in a hearing regarding the order, however."); id. at 214, 1984 U.S.C.C.A.N. 3397 (regarding 21 U.S.C. § 853(k) and referring to discussion of 18 U.S.C. § 1963(i)).

or to the criminal defendant's right, title, or interest. *See* 18 U.S.C. § 1963(*l*)(6); 21 U.S.C. § 853(n)(6).

With respect to the second issue, the court notes only the question of whether defendant Wu could show a personal stake in the outcome of the controversy, *Orr v. Orr,* 440 U.S. 268, 273, 99 S.Ct. 1102, 1108–09, 59 L.Ed.2d 306 (1979), when a third party's right, if any, to relief from the October 27, 1992 Restraining Order would depend on that party's establishing a right, title, or interest separate from or paramount to that of defendant.

It is so ORDERED.