UNITED STATES of America, Plaintiff,

v.

Clark Beach FIELD, Richard Field, aka Mike Field, Rudell Oppegard and Martin O. Gjerde, Defendants.

Crim. Nos. 4–94–41(1), 4–94–41(2).

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 17, 1994.

Daniel Martin Scott, U.S. Public Defenders Office, Minneapolis, MN, for Clark Beach Field.

Paul Christopher Engh, Engh Law Office, Minneapolis, MN, for Richard Field.

Douglas Halvor Olson, Mauzy Law Office, Minneapolis, MN, for Rudell Merle Oppegard.

James Freeman Nelson, Nelson & Kuhn, Glenwood, MN, Joseph G. Headley, Headley Law Office, Indialantic, FL, for Martin O. Gjerde.

Margaret Burns Magill, U.S. Atty., Minneapolis, MN, for U.S.

## ORDER

DOTY, District Judge.

Defendants Clark Beach Field and Richard Field appeal the order entered by United States Magistrate Judge Floyd E. Boline, dated August 1, 1994. The Fields moved to vacate or amend the *ex parte* restraining order issued by Chief Judge Diana E. Mur-

---

1. On August 4, 1994, a superseding indictment containing 14 criminal counts and three forfeiture counts was returned. In a Report and Recommendation dated September 14, 1994, Magistrate Judge Boline recommended that the forfeiture counts be dismissed for failure to allege a violation of any crime affecting a financial insti-

phy upon return of the original indictment. The motion to vacate was denied by Magistrate Judge Boline's order.

The original indictment was filed on March 23, 1994, and contained 15 criminal counts and three forfeiture counts.[1] The indictment is based on allegations that defendants Clark and Richard Field along with others violated various federal laws in the course of obtaining loan funds from the Department of Housing and Urban Development (HUD). Specifically, defendants Clark and Richard Field are charged with participating in two conspiracies to fraudulently obtain loan funds from HUD. They are also charged with mail fraud, false statements and bankruptcy fraud.

Pursuant to 18 U.S.C. § 982, the government seeks forfeiture of real and personal property belonging to Clark and Richard Field. Section 982 authorizes forfeitures for violations of 18 U.S.C. § 1341, the statute which governs mail fraud. Forfeitable assets are defined to include all real or personal property constituting, or derived from, proceeds the defendants obtained directly or indirectly as a result of the criminal violations. 18 U.S.C. § 982(2). Section 982 incorporates by reference the procedures for forfeitures provided in 21 U.S.C. § 853. Under § 853(e)(1), the government may restrain forfeitable assets before conviction if necessary to preserve the availability of the property. The issue presented here is whether "substitute assets"—assets not connected to the underlying criminal violation—may also be restrained by the government prior to conviction.

Upon return of the original indictment, the government filed an *ex parte* motion to restrain the use or disposal of all assets held by defendants Clark and Richard Field that may be subject to forfeiture. Judge Murphy granted the government's motion and entered an order against Clark and Richard

---

tution. A second superseding indictment containing 14 criminal counts and realleging the two forfeiture counts against Clark and Richard Field was filed on September 21, 1994. The forfeiture count against defendant Martin Gjerde was dropped.

Field restraining all property constituting, derived from or traceable to the $282,000 in HUD loan proceeds. The order also restrained any other property or interests belonging to Clark and Richard Field up to the value of $282,000 and listed various items of real and personal property in the control of defendants. Defendants challenge the restraining order on the grounds that 21 U.S.C. § 853 does not permit the restraint of substitute assets before conviction.

The propriety of a pretrial restraint of substitute assets depends on the relationship between three subsections of 21 U.S.C. § 853. Forfeitable assets are defined in § 853(a) to include "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."[2] Section 853(p) provides for the forfeiture of substitute property in the event that the forfeitable assets of subsection (a) are unavailable for one of five listed reasons. Subsection (p) states:

(p) If any of the property described in subsection (a) of this section, as a result of any act or omission of the defendant—

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

Under § 853(e), the government may restrain forfeitable assets prior to conviction to preserve the availability of assets that may later be subject to forfeiture. Subsection (e) provides:

(e) Protective Orders

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of *property described in subsection (a)* of this section for forfeiture under this section—

(A) upon the filing of an indictment or information charging a violation ... for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

21 U.S.C. § 853(e)(1)(A) (emphasis added).

This case presents an issue of first impression in the Eighth Circuit. Five other circuits have considered the issue with differing results. Relying on the explicit reference in subsection (e) to "property described in subsection (a)," the Fifth and Ninth Circuits hold that § 853 does not allow the restraint of substitute assets before conviction. *United States v. Floyd,* 992 F.2d 498 (5th Cir. 1993); *United States v. Ripinsky,* 20 F.3d 359 (9th Cir.1994). The Fifth Circuit stated:

We find that the statute controlling the restraint before us plainly states what property may be restrained before trial. Congress made specific reference to the property described in § 853(a), and that description does not include substitute assets. Congress treated substitute assets in a different section, § 853(p). To allow the government to freeze [defendant's] untainted assets would require us to interpret the phrase "property described in subsection (a)" to mean property described in subsection (a) and (p).

*Floyd,* 992 F.2d at 502. The Ninth Circuit, undertaking the same analysis, concluded that substitute assets are not subject to pretrial restraint under § 853. *Ripinsky,* 20 F.3d at 363 ("Because subsection (e) authorizes pretrial injunctions only to 'preserve property described in subsection (a),' and because subsection (a) describes only forfeitable assets and not substitute assets, we conclude that subsection (e) does not authorize the pretrial restraint of substitute assets."). *Accord In re Assets of Martin,* 1

---

**2.** Although § 982 incorporates the procedures for forfeitures provided in § 853, it contains its own definition of forfeitable assets in § 982(a). For purposes of this case, there is no significant difference between the definitions of forfeitable assets in § 982(a) and § 853(a).

F.3d 1351 (3rd Cir.1993) (substitute assets not subject to pretrial restraint under RICO forfeiture provision, 18 U.S.C. § 1963).

The Fourth and Second Circuits reached the opposite result concluding that the RICO forfeiture provision, which is identical in all relevant respects to § 853, authorizes the restraint of substitute assets prior to conviction. *In re Assets of Billman*, 915 F.2d 916 (4th Cir.1990); *United States v. Regan*, 858 F.2d 115 (2d Cir.1988).[3] Those courts, rather than focusing on the specific language of the statute, read the forfeiture provision as a whole to permit pretrial restraint of substitute assets. According to the Fourth and Second Circuits, the restraint provisions must be broadly construed to accomplish the remedial purpose of preserving all assets, before trial, that might ultimately be subject to forfeiture. The Fourth Circuit stated:

> Although reference is made ... to property described in subsection (a), we believe that when, as here, the defendant has placed the assets specified in subsection (a) beyond the jurisdiction of the court, [the subsections] must be read in conjunction ... to preserve the availability of substitute assets pending trial. In this way the purpose of [the restraint provision] can be attained.

*Billman*, 915 F.2d at 921. Although the substitute assets provision concerns the ultimate forfeiture, the Second Circuit reasoned that the provision "suggests that restraining orders entered before forfeiture should be concerned with preserving assets equivalent in value to the potentially forfeitable property, and not necessarily the precise property." *Regan*, 858 F.2d at 121.

Magistrate Judge Boline sided with the Second and Fourth Circuits in the order dated August 1, 1994, and held that 21 U.S.C. § 853 permits the government to restrain substitute assets before conviction. After reviewing the split of authority on the issue, Magistrate Judge Boline found the reasoning of *Regan* and *Billman* more persuasive. Magistrate Judge Boline expressly adopted the statutory analysis of § 853 in *United*

States v. Schmitz, 153 F.R.D. 136 (E.D.Wisc.1994). In response to the literal approach of several circuits, the *Schmitz* court stated:

> [I]t is equally clear from the language of subsection (p) that the later enacted subsection (p) was meant to supplant subsection (a) under the appropriate conditions. In other words, subsection (p) is defined as equal to subsection (a) and should be used in lieu thereof whenever substitute property is involved, whether that is pre- or post-conviction.

153 F.R.D. at 139. The *Schmitz* court agreed with the Second and Fourth Circuits that "the language and design of the statute supports the use of the prior restraint or seizure to assure the availability of all assets subject to forfeiture, including substitute assets." *Id.* at 140. To conclude otherwise, the court stated, "would eviscerate the intent of the criminal forfeiture statute" and "thwart the government's legitimate interest in recovering all forfeitable assets." *Id.* at 140 & 141.

Defendants contend that the plain language of the statute cannot be ignored nor amended by statutory interpretation. The government responds that the subsections of § 853 must be read together to achieve the congressional purpose of pretrial restraint. Relying on the common reference in subsections (e) and (p) to "property described in subsection (a)," the government contends that substitute assets should be subject to pretrial restraint when the "property described in subsection (a)" is unavailable for any of the reasons listed in subsection (p). The government claims that such an interpretation is necessary to effectuate the intent of the forfeiture statutes.

Whatever force there might be to the government's arguments that § 853(e)(1) should reach substitute assets, "[t]he short answer is that Congress did not write the statute that way." *United States v. Monsanto*, 491 U.S. 600, 611, 109 S.Ct. 2657, 2664, 105 L.Ed.2d 512 (1989) (quoting *United States v. Naftalin*, 441 U.S. 768, 773, 99 S.Ct. 2077,

---

**3.** *Accord U.S. v. Wu*, 814 F.Supp. 491, 492–93 (E.D.Va.1993) (construing 18 U.S.C. § 1963); *U.S. v. O'Brien*, 836 F.Supp. 438, 441 (S.D.Ohio

1993); *U.S. v. Swank Corp.*, 797 F.Supp. 497, 500–02 (E.D.Va.1992); *U.S. v. Skiles*, 715 F.Supp. 1567, 1568 (N.D.Ga.1989).

2082, 60 L.Ed.2d 624 (1979)). The statute plainly states what assets are subject to pretrial restraint. Subsection (e) provides that "property described in subsection (a)" may be restrained before trial. Subsection (a) describes only forfeitable assets and not substitute assets which are instead defined in subsection (p). The statutory language compels the court to conclude that subsection (e) does not authorize the pretrial restraint of substitute assets.

The government asserts that § 853(o), which states that "[t]he provisions of this section shall be liberally construed to effectuate its remedial purposes," supports a broad reading of the property covered by subsection (e). The Fifth Circuit rejected this argument stating that while § 853(o) commands a liberal construction, it does not "authorize [courts] to amend by interpretation." *Floyd,* 992 F.2d at 502. Moreover, the Supreme Court has recognized that the criminal forfeiture statutes are punitive as well as remedial. *See Alexander v. United States,* —— U.S. ——, —— - ——, 113 S.Ct. 2766, 2775–76, 125 L.Ed.2d 441 (1993) (noting that 18 U.S.C. § 1963 "is clearly a form of monetary punishment"); *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2806, 125 L.Ed.2d 488 (1993) (stating that 21 U.S.C. § 853 serves "in part to punish"). Given the punitive component of § 853, the court must exercise caution in construing the statute liberally. *Ripinsky,* 20 F.3d at 363 n. 5.

■ The court holds that substitute assets—assets not connected to the underlying criminal violation—cannot be restrained prior to conviction under 21 U.S.C. § 853(e). The government protests that a literal reading of § 853(e) frustrates its ability to preserve, pending trial, property that may later be subject to forfeiture.[4] While there may be some risk that substitute assets will be unreachable by the government at the time of conviction, the court concludes that "[t]he statute as presently written, cannot be read any other way." *Floyd,* 992 F.2d at 502 (quoting *Monsanto,* 491 U.S. at 614, 109 S.Ct. at 2665 (footnote omitted)).

Based on its review of the law and the record herein, the court declines to adopt the order of Magistrate Judge Boline dated August 1, 1994, insofar as it upholds the validity of the pretrial restraint of substitute assets. Having concluded that 21 U.S.C. § 853 does not allow the restraint of substitute assets before conviction, the court grants, in part, the motion of defendants Clark and Richard Field to vacate the *ex parte* restraining order entered March 23, 1994. Accordingly, **IT IS HEREBY ORDERED** that the *ex parte* restraining order entered March 23, 1994, is vacated to the extent that the order restrains property not connected to the underlying criminal violations. **IT IS FURTHER ORDERED** that the government's application for an amended restraining order pursuant to 18 U.S.C. § 982 is denied.

---

4. The court notes that its decision does not restrict the government's ability to file a *lis pendens* notice against any real property that may be subject to forfeiture.