**UNITED STATES of America,**

v.

**Joseph QUERI, Jr.; Benjamin Viloski; Gary Gosson; and Gary Camp, Defendants.**

**No. 5:09–CR–418–DNH.**

United States District Court,
N.D. New York.

Jan. 21, 2010.

United States Attorney–Syracuse Office, Steven D. Clymer, Esq., of counsel, Syracuse, NY, United States Attorney–Albany Office, of counsel, Albany, NY, for the United States of America.

Law Offices of Donald T. Kinsella, Donald T. Kinsella, Esq., of counsel, Albany, NY, Neal, Gerber & Eisenberg LLP, of counsel, Chicago, IL, for Defendant Joseph Queri, Jr.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

### I. INTRODUCTION and BACKGROUND

Defendant Joseph Queri, Jr. (hereinafter "defendant") and his co-defendants are charged with, *inter alia*, mail fraud, wire fraud, securities fraud, and money laundering. (*See* First Superseding Indictment, Dkt. No. 41.) The First Superseding Indictment (hereinafter the "indictment") includes a forfeiture allegation seeking the recovery of any property found traceable to the alleged offenses. (*Id.* at 62–67.) In the event such property is unavailable, the indictment identifies substitute property in the form of an apartment complex located in Syracuse, New York, commonly known as "the Bradford." (*Id.* at 65–67.) The Bradford is owned by the Queri–Genesee Limited Liability Company, of which defendant is an 80% interest holder. (Kinsella Aff., Dkt. No. 56–3, ¶ 2.) The day after the indictment was issued, the United States of America (hereinafter the "Government") filed a notice of *lis pendens* in connection with the Bradford. (*See* Notice of Lis Pendens, Dkt. No. 44.) An amended notice of *lis pendens* was filed on December 22, 2009, to correct a spelling error. (*See* Am. Notice of Lis Pendens, Dkt. No. 57.) As a result of the notice of *lis pendens*, the Queri–Genesee Limited Liability Company is unable to refinance a $3.15 million secured loan from PNC Bank which became past due on January 3, 2010. (Kinsella Aff., Dkt. No. 56–3, ¶¶ 3–5.)

Defendant now moves for an order directing the Government to cancel the notice of *lis pendens* so that his company may enter refinancing negotiations with PNC Bank. The Government opposes, and defendant's co-defendants have not appeared in connection with the motion under consideration.

Oral argument was heard January 20, 2010, in Utica, New York. Decision was reserved.

### II. DISCUSSION

The issue presented is whether the Government may file a notice of *lis pendens* on substitute property prior to a defendant's conviction. The Government concedes in its response papers that federal law does not expressly authorize the filing of a notice of *lis pendens* on potential substitute property. (*See* Government's Resp. Mem. of Law, Dkt. No. 58, 8.) Although the Government may seek a protective order to preserve the availability of property connected to charged offenses, *see* 21 U.S.C. § 853(e), the Government may not obtain a pre-trial restraint on potential substitute property. *See United States v. Gotti*, 155 F.3d 144, 149 (2d Cir. 1998). The only relevant distinction between the issue presented in *Gotti* and the instant case is that the Government in *Gotti* obtained a pre-trial restraining order prohibiting the transfer of potential substi-

tute property, *see* 155 F.3d at 146, whereas in this case, the Government opted to file a notice of *lis pendens* instead of a pre-trial restraining order.

The Southern District of New York previously considered the same distinction in *United States v. Kramer*, No. 1:06–CR–200, 2006 WL 3545026 (E.D.N.Y. Dec. 8, 2006). In *Kramer*, the defendant moved to cancel the Government's pre-trial notice of *lis pendens* over potential substitute property. *Id.* at *1. Ultimately, the *Kramer* court held that the use of a *lis pendens* in lieu of a restraining order made no difference because a notice of *lis pendens*, "especially one filed by the United States of America, practically speaking, denudes the subject property of its alienability," thereby constituting an unauthorized restraint of property prior to conviction. *Id.* at *10 (citing *inter alia United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991)).

The Government contends the holding in *Kramer* was misguided because N.Y. C.P.L.R. § 6501 permits the filing of a notice of *lis pendens* on potential substitute property. However, both N.Y. C.P.L.R. §§ 6501 and 1343 under which the Government claims the authority to file a notice of *lis pendens* contain identical restrictive language governing the filing of *lis pendens;* that is, both statutes provide that such notices may only be filed in any action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property...." N.Y. C.P.L.R. §§ 6501, 1343. The judgment sought by the Government is defendant's conviction under the offenses charged in the indictment. Accordingly, at this time, the judgment demanded only affects the property that is related to the charged offenses and does not affect the title, possession, use, or enjoyment of any potential substitute property (including the Bradford) until after a conviction is entered against the defendant and the Government satisfies the requirements for the forfeiture of substitute property as provided in 21 U.S.C. § 853(p).

To find the Government's argument persuasive, one must presume that the Government has already satisfied § 853(p), which, if true, would lend support to the Government's position that it may reach the substitute property. However, the Government concedes that it "*expects* to establish its right to forfeit substitute property under Section 853(p)." (Government's Resp. Mem. of Law, Dkt. No. 58, 7 n. 6 (emphasis added)). This mere "expectation" is insufficient to permit a pre-trial encroachment upon any substitute property when, as explained in *Gotti*, federal law only authorizes pre-trial restraint of property related to the alleged offenses.[1]

---

1. Presently, any relation between the Bradford and the charged offenses is hypothetical. For example, the Government writes in its response memorandum of law: "As a result, *if* the government prevails on the forfeiture allegation in the indictment and is able to satisfy one of the five above-listed requirements in Section 853(p), it is entitled to forfeit defendant Queri's interest in The Bradford as substitute property." (Government's Resp. Mem. of Law, Dkt. No. 58, 7 (emphasis added)). In relation to the requirements of N.Y. C.P.L.R. § 6501, the Government writes: "Here, 'the judgment demanded'—a jury verdict of guilty on the charged offenses and in favor of forfeiture—clearly 'would affect the title' to the property insofar as it would subject Queri's ownership interest in The Bradford to criminal forfeiture *if* any one of the five requirements for forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) is satisfied." (*Id.* at 11 (emphasis added)). In a footnote to the same passage, the Government states that it "*likely* will be able to demonstrate that it is entitled to forfeit substitute property." (*Id.* at 11 n. 10 (emphasis added)).

The Government's argument that N.Y. C.P.L.R. § 1343 justifies a more expansive interpretation of federal prosecutorial authority to file a notice of *lis pendens* under N.Y. C.P.L.R. § 6501 ignores the limiting language included within § 1343. As a preliminary matter, the parties agree that N.Y. C.P.L.R. § 6501, as opposed to N.Y. C.P.L.R. § 1343, governs the filing of a notice of *lis pendens* in a federal prosecution. (*See* Government's Resp. Mem. of Law, Dkt. No. 58, 16 (conceding that § 6501 applies instead of § 1343)). However, even if § 1343 applied, that section authorizes notices of pendency[2] in any action brought pursuant to Article 13 of the N.Y. C.P.L.R. *See* N.Y. C.P.L.R. § 1343 ("A notice of pendency may be filed in any action brought pursuant to *this article* ...." (emphasis added)). Under Article 13, "the appropriate claiming authority" may file a civil action against a criminal defendant to recover, *inter alia,* any property defined as either the proceeds of a crime or the substituted proceeds of a crime. *Id.* § 1311. Significantly, "proceeds of a crime" is defined as property obtained through felony violations of state law. *Id.* § 1310. Further, the "substituted proceeds of a crime" are limited to "property obtained by the sale or exchange of proceeds of a crime, and any gain realized by such sale or exchange." *Id.* The Government has not even argued that the defendant obtained his interest in the Bradford through the sale or exchange of any of the property related to the offenses alleged in the indictment. Rather, the Government intends to seek forfeiture of the Bradford only in the event defendant is convicted and no longer has assets related to the charged offenses that are of sufficient value to satisfy the forfeiture allegation. Therefore, even under § 1343,

the filing of a notice of *lis pendens* on the Bradford is not authorized because defendant's interest in the property is neither the proceeds of a crime nor the substituted proceeds of a crime as defined in Article 13 of the N.Y. C.P.L.R.

The Government's citation to *United States v. Miller,* 26 F.Supp.2d 415 (N.D.N.Y.1998) is equally unpersuasive. The issue in *Miller* was whether the Government's pre-trial seizure of a defendant's substitute assets was permissible. *Id.* at 431–32. In light of the *Gotti* court's prohibition on the pre-trial *restraint* of substitute property, *Miller* reasoned that the pretrial *seizure* of substitute assets must be impermissible because the outright seizure of a defendant's property is necessarily more invasive than the issuance of a protective order. *Id.* at 432 ("To hold otherwise would ... create the anomaly that the government could seize substitute assets before conviction but not engage the less drastic remedy of restraint."). Notwithstanding this conclusion, *Miller* briefly stated in a footnote that the Government was capable of filing a notice of *lis pendens* on the real properties identified as potential substitute assets. *Id.* n. 15 (citing *United States v. St. Pierre,* 950 F.Supp. 334, 334–38 (M.D.Fla.1996); *United States v. Field,* 867 F.Supp. 869, 873 n. 4 (D.Minn.1994)). However, *Miller's* comment as to the permissibility of a pre-trial notice of *lis pendens* on a defendant's substitute property is only dicta because the Government in that case actually seized defendant's substitute assets. *See* 26 F.Supp.2d at 431–32. Additionally, both of the cases cited in *Miller* were decided by courts outside the Second Circuit and prior to the Second Circuit's decision in *Gotti.* Most importantly, the cases cited in *Miller*

---

**2.** New York law uses the term "notice of pendency" instead of the common law term *lis pendens.* However, the terms are inter-

changeable for purposes of the motion under consideration. *See* BLACK'S LAW DICTIONARY 950 (8th Ed. 2004).

did not even consider the pre-trial filing of a notice of *lis pendens* on substitute property. For example, *St. Pierre* held that the real property at issue was related to the offenses charged in the indictment and therefore did not implicate the limitations on governmental restraint of substitute property. *See* 950 F.Supp. at 339. Likewise, the issue in *Field* was the validity of a pre-trial order restraining the use or disposal of substitute property as opposed to a notice of *lis pendens*. *See* 867 F.Supp. at 870–71, 873. Therefore, neither *Miller* nor the authority it relied upon considered the same issue presented in the instant motion.

### III. *CONCLUSION*

Regardless of whether the Government either obtains a pre-trial protective order or files a pre-trial notice of *lis pendens*, the end result is the same to the extent that defendant would then be barred from effectively entering into transactions involving the Bradford property. The Government does not come forth with any reason for why it should be permitted to use a notice of *lis pendens* to accomplish what the Second Circuit prohibited in *Gotti*. Presently, the judgment sought by the Government's prosecution of defendant does not affect the title, possession, use, or enjoyment of the substitute property. To hold otherwise would be to assume the Government has already satisfied the requirements for the forfeiture of substitute property set forth in 21 U.S.C. § 853(p). It has not. Finally, the Government has not even alleged, let alone shown, that defendant's interest in the Bradford was obtained through the sale or exchange of assets that were acquired through the commission of any of the offenses charged in the indictment. Therefore, even if N.Y. C.P.L.R. § 1343 governed the filing of a pre-trial notice of *lis pendens* in a federal prosecution, the Bradford would not fall under New York's definition of substituted proceeds of a crime. As a result, the present filing by the Government of a notice of *lis pendens* on the Bradford is premature and not authorized under N.Y. C.P.L.R. § 6501.

Accordingly, it is

ORDERED that

(1) Defendant's motion for an order directing the Government to cancel the notice of *lis pendens* filed November 19, 2009, and the amended notice of *lis pendens* filed December 22, 2009, is GRANTED; and

(2) the Government shall comply with this order and cancel the above notice of *lis pendens* and amended notice of *lis pendens* on or before January 22, 2010, at 5:00 p.m.

IT IS SO ORDERED.