**UNITED STATES of America, Appellee,**

v.

**Ernesto J. BENEVENTO, Defendant–Appellant.**

**No. 398, Docket 87–1333.**

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1987.
Decided Jan. 4, 1988.

J. Jeffrey Weisenfeld, New York City (Goldberger & Dubin, on the brief), for defendant-appellant.

John K. Carroll, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty.,

Celia Goldwag Barenholtz, Asst. U.S. Atty., on the brief), for appellee.

Before NEWMAN and CARDAMONE, Circuit Judges, and GRAY, District Judge.[*]

PER CURIAM:

Ernesto J. Benevento appeals from a decision of the District Court for the Southern District of New York (Edward Weinfeld, Judge) entered July 15, 1987,[1] imposing *in personam* liability against him for $1,238,000 pursuant to the criminal forfeiture provision of Part B of the Comprehensive Forfeiture Act of 1984, 21 U.S.C. § 853 (Supp. III 1985). The statute provides for the forfeiture by any person convicted of certain narcotics offenses of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation." *Id.* at § 853(a)(1). The requisite predicate judgment of conviction was entered by Judge Weinfeld on March 27, 1987, after a jury trial, and this Court affirmed (with modification of Benevento's sentence). *United States v. Benevento*, 836 F.2d 60 (2d Cir. 1987).

The issue presented on this appeal is whether the forfeiture provision creates joint and several liability or whether, as Benevento contends, his forfeiture liability is limited to the share of proceeds equivalent to his ownership interest in the criminal enterprise. Judge Weinfeld construed the statute to impose joint and several liability. We agree with Judge Weinfeld's construction of the statute and affirm on the basis of his opinion reported at 663 F.Supp. 1115.

Affirmed.

---

[*] The Honorable William P. Gray of the United States District Court for the Central District of California, sitting by designation.

1. Though the notice of appeal states that appeal is taken from a judgment entered July 15, 1987, it appears from the record that no separate document entering judgment on the forfeiture liability was filed as required by Fed.R.Civ.P. 58. This fact, however, does not defeat our jurisdiction under 28 U.S.C. § 1291. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam). The District Court issued an opinion and order dated July 15, 1987, stating that the Government "is entitled to an *in personam* judgment against Ernesto J. Benevento ... and the judgment may be entered accordingly." *United States v. Benevento*, 663 F.Supp. 1115, 1119 (S.D.N.Y.1987). There is no question that "the District Court clearly evinced its intent that the opinion and order ... would represent the final decision in the case." *Bankers Trust Co. v. Mallis, supra*, 435 U.S. at 387, 98 S.Ct. at 1121.