NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3087
_____

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
STATE FARM FIRE AND CASUALTY COMPANY

v.

ARNOLD LINCOW, D.O.; RICHARD MINTZ, D.O.;
STEVEN HIRSH; 7622 MEDICAL CENTER, P.C.;
1900 S.G. ASSOCIATES; ALLIED MEDICAL GROUP;
ALLIED MEDICAL GROUP, P.C.; JEFRON X-RAY, INC.;
OGONTZ PHARMACY; LAWRENCE FORMAN, D.O.;
STEPHEN SACKS, D.O.; RICHARD BUTOW, D.C.;
STEPHEN HENNESSY, D.C.; MEDICAL MANAGEMENT
CONSULTING, INC; LOLO, INC.

Richard Mintz,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-05-cv-05368)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2011

Before:  RENDELL, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: September 16, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

This case comes to us on appeal after a four-week jury trial, in which plaintiff State Farm successfully convinced the jury that defendants, a number of health care providers ("Defendants"), engaged in various schemes to defraud State Farm by billing it for medical services that were either not provided or provided unnecessarily, and were illegal under RICO, fraud statutes, and common law fraud. Following trial, Defendants filed motions for judgment as a matter of law or, in the alternative, for a new trial or, in the alternative, to alter or amend the judgment. The District Court denied Defendants' motions in their entirety. One of the Defendants, Richard Mintz, brings this appeal raising the five issues noted below. We will affirm the District Court's dismissal of Mintz's motions.[1]

I.

Because we write solely for the benefit of the parties, we refer only to the background pertinent to our discussion. Plaintiff State Farm brought RICO and fraud actions against Defendants, who were allegedly involved in various schemes to defraud plaintiffs by billing them for medical services that were either not provided or were provided unnecessarily. Certain Defendants filed a counterclaim seeking unpaid benefits.

Plaintiff alleged that Defendants were members of a conspiracy that sharply inflated the costs of medical care for car accident victims by prescribing tests and treatments, as well as prescriptions and medical equipment—whether medically

---

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). We have jurisdiction to entertain this appeal from the District Court's final orders pursuant to 28 U.S.C. § 1291.

necessary or not—and then routinely billed State Farm for additional treatments that were never provided. At trial, State Farm's proof of Defendants' fraud consisted of State Farm's claim files and testimony of patients, physicians at Defendants' medical facilities, Defendant physicians, and experts. Defendants denied the charges, claiming that all of the billing statements to State Farm reflected services which were medically necessary and consistent with the standard of care.

After a four-week trial, the jury awarded Plaintiff over $4 million against all Defendants jointly and severally, and individual Defendants were found liable for punitive damages totaling $11.4 million. The jury awarded punitive damages of $600,000 against Mintz. The jury also found in favor of Plaintiff on Defendants' counterclaims.

The District Court dismissed all of Defendants' post-trial motions—a motion for judgment as a matter of law, a motion for a new trial, and a motion for a remittitur or to alter or amend the judgment.

Our review of a district court's order granting or denying a motion for judgment as a matter of law is plenary. *See Curley v. Klem*, 499 F.3d 199, 205-06 (3d Cir. 2007). We review a district court's order granting or denying a motion for a new trial for "'abuse of discretion unless the court's denial of the motion is based on the application of a legal precept, in which case our review is plenary.'" *Id.* at 206 (quoting *Honeywell, Inc. v. Am. Standards Testing Bureau, Inc.*, 851 F.2d 652, 655 (3d Cir. 1988)). A new trial may be granted on the basis that a verdict was against the weight of the evidence only if a

miscarriage of justice would occur if the verdict were to stand. *See Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001).

We generally review jury instructions for abuse of discretion, *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 245-46 (3d Cir. 2006), but our review is plenary when the issue is whether the instructions misstated the law, *Hopp v. Pittsburgh*, 194 F.3d 434, 440 (3d Cir. 1999).

## II.

Mintz first contends that the District Court erroneously held that he waived or abandoned his request for judgment as a matter of law on all issues. Regarding the other issues aside from RICO distinctiveness, the District Court correctly reasoned that Mintz had failed to make a sufficiently specific motion under Rule 50(a) of the Federal Rules of Civil Procedure at the close of State Farm's case and, therefore, Mintz waived his post-trial arguments for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a)(2) (A motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment"); *see also Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997) ("[A] defendant's failure to raise an issue in a Rule 50(a)(2) motion with sufficient specificity to put the plaintiffs on notice waives the defendant's right to raise the issue in [his] Rule 50(b) motion."). Regarding Mintz's challenge on RICO distinctiveness, the District Court did not err in finding that, although Mintz indicated he would argue this issue in his motion for post-trial relief, he did not argue the issue in his later briefs, thus he abandoned the distinctiveness argument. Accordingly, we hold that the District Court did not err in concluding that Mintz waived or abandoned his

4

arguments for judgment as a matter of law. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion . . . will be deemed waived.").

The District Court's ruling on waiver was not legally incorrect but, even if it was flawed, as State Farm points out, Mintz's contention regarding RICO distinctiveness[2]— that because the members of the association-in-fact enterprise include all the defendants, there is a complete identity between the enterprise and the defendants and, therefore, no distinctiveness among the defendants—must fail in light of our opinion in *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc.*, 46 F.3d 258, 268 (3d Cir. 1995), and the Supreme Court's opinion in *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-63 (2001). *See Jaguar Cars*, 46 F.3d at 265-66 (clarifying the distinctiveness requirement and holding that, when officers and employees of a legitimate corporation operate and manage the otherwise legitimate corporation through a pattern of racketeering activity, RICO's distinctiveness requirement is fulfilled); *see also King*, 533 U.S. at 161-63 (adopting the distinctiveness definition we set forth in *Jaguar Cars*).

Mintz next urges, in the context of requesting a new trial, that the District Court improperly failed to give his proposed instructions on the intracorporate conspiracy doctrine. However, as State Farm notes, Mintz merely proposed the instruction but did not object to the Court's failure to give it. This is insufficient for us to review for abuse

---

[2] To establish liability under 18 U.S.C. § 1962(c), a plaintiff must allege and prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" that is not simply the same "person" referred to by a different name. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

of discretion, and we find no plain error.  *See Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (noting that, under Fed. R. Civ. P. 51(d)(2), when a party fails to object properly, we may review for plain error in the instructions if the error affects substantial rights).

Moreover, as the District Court noted and State Farm urges, the intracorporate conspiracy doctrine is not universally accepted, and it is questionable whether the Defendant's version is completely accurate.  *See State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp. 2d 617, 640 (E.D. Pa. 2010) (noting that the Third Circuit has never decided whether the intracorporate conspiracy doctrine bars § 1962(d) claims, that a circuit split exists among other Courts of Appeals on this issue, and that defendants relied on distinguishable precedent in advancing their argument).

Next, Mintz challenges the sufficiency of the evidence in several ways.  He argues that State Farm failed to prove:  (1) the elements of an association-in-fact enterprise; (2) that Mintz conspired with the other Defendants to defraud, as § 1962(d) requires; (3) that Mintz's actions proximately caused State Farm's injuries; (4) that Mintz's conduct fulfilled the elements of common law fraud; and (5) that Mintz's conduct fulfilled the elements of statutory fraud under Pennsylvania law.  "The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high," *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010) (internal quotation marks and citations omitted), and Mintz fails to meet that burden here.  We reject all of Mintz's claims to the contrary and hold that the weight of the evidence supports the jury's finding against Mintz; to let

the verdict stand would not result in a miscarriage of justice. *See United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999).

Mintz contends that the verdict is defective because it allows for joint and several liability. He argues, first, that joint and several liability was not properly applied to the Pennsylvania insurance fraud claim because the insurance fraud statute is not a tort and, second, that there is no statutory provision allowing for joint and several liability. Both arguments are without merit. State Farm is correct that a violation of the Insurance Fraud statute is a civil tort and that, as the jury found and the District Court upheld, the Defendants together contributed to State Farm's injuries and are thus jointly and severally liable. Moreover, as the District Court correctly noted, there is no requirement for district courts to instruct juries to award damages against each defendant separately and individually. *Lincow*, 715 F. Supp. 2d at 647 n.29. Although there is little law directly on point, numerous RICO criminal forfeiture cases indicate that the nature of the RICO offense mandates joint and several liability. *See Fleischhauer v. Feltner,* 879 F.2d 1290, 1301 (6th Cir. 1989); *United States v. Caporale,* 806 F.2d 1487, 1506-09 (11th Cir. 1986), *cert. denied*, 482 U.S. 917 (1987); *United States v. Benevento,* 663 F. Supp. 1115, 1118-19 (S.D.N.Y. 1987), *aff'd*, 836 F.2d 129 (2d Cir. 1988) (*per curiam*).

Lastly, Mintz argues that, even if the compensatory damages award is not vacated, the award of punitive damages against him should be set aside because of the "lack of clarity" as to the theory under which the compensatory damages award was rendered. Because State Farm has indicated that it elects to receive treble damages, we need not address Mintz's contention the punitive damages award should be reduced.

7

For the reasons set forth above, we will affirm the District Court's orders dismissing Mintz's post-trial motions.