11-520-cr
United States v. Nino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT:  REENA RAGGI,
                 GERARD E. LYNCH,
                 RAYMOND J. LOHIER, JR.,

                     *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                 *Appellee*,

          v.                                     No. 11-520-cr

JOSE DE JESUS LEON NINO,
                 *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:           Julia Pamela Heit, Esq., New York, New York.

FOR APPELLEE:            Zachary Feingold, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 31, 2011, is AFFIRMED.

Jose de Jesus Leon Nino, who stands convicted of conspiracy to import and conspiracy to distribute and possess with the intent to distribute at least one kilogram of heroin, see 21 U.S.C. §§ 841(b)(1)(A)(i), 846, 960(b)(1)(A), 963, appeals from that part of the judgment ordering him to forfeit $100,000 in drug proceeds, see id. §§ 853(a)(1), 970.[1] We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

Where the government seeks forfeiture of property purportedly derived from drug trafficking, it bears the burden of proving, by a preponderance of the evidence, the facts necessary to support forfeiture. See Fed. R. Crim. P. 32.2; United States v. Treacy, 639 F.3d 32, 48 (2d Cir. 2011); United States v. Capoccia, 503 F.3d 103, 116 (2d Cir. 2007). Nino contends that the district court's forfeiture order lacked factual support in the record. Specifically, he claims that the record fails to show the requisite nexus between the offense of conviction and the $100,000. See Fed. R. Crim. P. 32.2.

---

[1] This court has already dismissed Nino's appeal of the custodial component of his sentence, and affirmed the judgment with respect to Nino's conviction, his term of supervised release, and the special assessment imposed upon him by the district court. See United States v. Nino, No. 11-520 (2d Cir. Jul. 20, 2012) (order dismissing appeal in part, summarily affirming in part, and denying summary affirmance in part). Thus, this forfeiture challenge is all that remains of the direct appeal from the criminal judgment.

On appeal of a forfeiture order, we generally review the district court's findings of fact for clear error and its legal conclusions de novo. See United States v. Sabhnani, 599 F.3d 215, 261 (2d Cir. 2010). Where no forfeiture error was raised in the district court, however, the claim of error is forfeited on appeal, and we review only for plain error. See Fed. R. Crim. P. 52(b); United States v. Uddin, 551 F.3d 176, 181 (2d Cir. 2009); see also United States v. Marcus, 130 S. Ct. 2159, 2164-65 (2010) (detailing showing required for plain error). Here, Nino not only failed to raise a forfeiture objection in the district court, but also specifically stated, through counsel, that he had reviewed the proposed forfeiture order and had no objection to it. This might well be viewed as a true waiver, precluding appeal. See United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Gomez, 617 F.3d 88, 92 (2d Cir. 2010). Such a waiver appears to have been in Nino's tactical interest, as a hearing might have revealed that Nino's drug trafficking realized proceeds far in excess of $100,000. We need not here conclusively decide whether Nino's forfeiture claim was waived or forfeited because, in any event, he fails to demonstrate error.

In the agreement pursuant to which he pleaded guilty, Nino admitted that between 2000 and 2008, he had "conspired to import, distribute, or possess with intent to distribute at least 10 kilograms but less than 30 kilograms of heroin." Government Addendum 2; see Fed. R. Crim. P. 32.2(b)(1)(B) (stating that forfeiture determination may be based "on evidence already in the record, including any written plea agreement"). The wholesale price of a kilogram of heroin in the eight years between 2000 and 2008 appears to have ranged from $60,000 to roughly $100,000. See United States v. Aina-Marshall, 336 F.3d

3

167, 169 (2d Cir. 2003); United States v. Azubike, 564 F.3d 59, 61 (1st Cir. 2009).[2]   We assume that district judges in this circuit, who handle large numbers of wholesale-quantity drug cases each year, are familiar with these prices and require no further evidence unless the point is challenged.   In short, because Nino admitted trafficking in a quantity of heroin with a wholesale value at least in the high six figures, that admission by itself provided a sufficient factual basis to support a preponderance finding that the proceeds realized by the conspiracy were at least $100,000.   See United States v. Treacy, 639 F.3d at 48 (holding that forfeiture calculation is not "exact science" and that district court "may make reasonable extrapolations" from evidence); see also United States v. Benevento, 836 F.2d 129, 130 (2d Cir. 1988) (recognizing forfeiture liability among criminal confederates to be joint and several).

Because we conclude that the evidence was sufficient to support a preponderance finding of nexus between the crimes of conviction and the $100,000 ordered forfeited, Nino cannot demonstrate plain error in this respect.   Nor has Nino demonstrated error, let alone plain error, under Apprendi v. New Jersey, 530 U.S. 466 (2000).   See United States v. Fruchter, 411 F.3d 377, 383 (2d Cir. 2005) (rejecting application of Apprendi rule to criminal forfeiture proceedings).

---

[2] In the second quarter of 2007, when agents seized six kilograms of heroin belonging to Nino, see Presentence Report ¶¶ 17, 21, the median national wholesale price of heroin was $117,110 per kilogram, see Institute for Defense Analyses, The Price and Purity of Illicit Drugs:   1981-2007,   App.   B-12   (2008),   available   at http://www.whitehouse.gov/sites/default/files/ondcp/policy-and-research/bullet_1.pdf.

We have considered Nino's remaining arguments and reject them as without merit.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court