13-799-cr
USA v. Dodge

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        DENNY CHIN,
        SUSAN L. CARNEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                        13-799-cr

KEVIN DODGE,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        E.M. ALLEN, Stetler, Allen & Kampmann, Burlington, Vermont.

FOR APPELLEES:        CRAIG S. NOLAN, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, on the brief), for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

1

Appeal from a sentence of the United States District Court for the District of Vermont (Sessions, J.).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

   Appellant Kevin Dodge appeals from a judgment of conviction entered on February 25, 2013, following his guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

   Dodge requested a non-Guidelines sentence of time served (followed by a short period of supervised release), on the theory that his (lengthy) criminal history and his (sustained) involvement in the charged conspiracy were driven by his addiction to opiates and methamphetamine, and that, since his arrest, he had recovered from addiction and performed commendable community work. Dodge contended that no further prison time was necessary to serve the goals of the sentencing process.

   The District Court concluded that the seriousness of the offense warranted a significant prison term, but expressly took into account Dodge's progress toward rehabilitation. Accordingly, the District Court granted Dodge's motions for horizontal and downward departures, resulting in a reduction of the Sentencing Guidelines range from 57-71 to 33-41 months. It then sentenced Dodge to 33 months' imprisonment, to be followed by a three year term of supervised release.

   Dodge now appeals on the grounds that his sentence is procedurally and substantively unreasonable.

   We review criminal sentences for reasonableness. This is a deferential standard of review. See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). "Reasonableness review requires an examination of the length of the sentence (substantive

2

reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009). The standard of review for both inquiries is abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).

A.   Procedural Challenge.

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

Dodge first argues that his sentence is procedurally unreasonable because the District Court treated the Sentencing Guidelines as mandatory. At sentencing, defense counsel argued that the length of time Dodge participated in the conspiracy should not be considered an aggravating factor, driven as it was by his addiction to methamphetamine. In response, the District Court emphasized that defense counsel's argument was contrary to the policy adopted by the Sentencing Guidelines that "the longer a person is involved in a conspiracy, the more drugs they actually participate in distributing . . . , the higher the penalty." Tr. of Sentencing at 32, Feb. 25, 2013.

Beyond this (accurate) statement of the law, there is no indication that the District Court considered the Guidelines to be mandatory. The District Court simply did not accept that Dodge's addiction should absolve him of culpability for his sustained and substantial involvement in the conspiracy. It is nonetheless clear from the record that the court took seriously the impact of Dodge's addiction on his involvement and overall guilt. See id. at 32-35 (noting that although Dodge was "clearly aware of the full extent of the operation[,]" which involved the manufacture of "the worst or close to the worst drug that exists," Dodge's "severe addict[ion]" and "miraculous" rehabilitation warranted a downward "depart[ure] to a

3

significant sentence but one that would get him into extended drug treatment and allow him the opportunity of gradually reducing his sentence by continuing to do well in treatment").

Dodge also contends that the District Court engaged in impermissible multiple-counting in the § 3553(a) analysis. Specifically, Dodge claims that the District Court "counted as separate factors the various ways in which it concluded that [] Dodge was more involved in the conspiracy than most others." Appellant's Br. 11.

"Impermissible double counting occurs when one part of the [G]uidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the [G]uidelines." United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (internal quotation marks omitted). It does not limit the weighing of § 3553(a) factors. The District Court considered various distinct facts, including Dodge's addiction, to assess the overall level of Dodge's involvement in the conspiracy, and then weighed that involvement against applicable mitigating factors. And after doing so, the Court granted horizontal and downward departures and selected the very bottom end of the (adjusted) Guidelines range. Dodge has failed to point to any procedural error, much less abuse of discretion, by the District Court at sentencing.

B.   Substantive Challenge.

"In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted). The standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). "[W]hen conducting substantive review, we [are careful to give] due

4

deference to the sentencing judge's exercise of discretion, [] bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008).

Dodge argues that his sentence is substantively unreasonable because it "punishes untreated addiction in the same manner that it would punish predatory greed." Appellant's Br. 7. The record clearly is altogether contrary. The District Court recognized that addiction fueled much of Dodge's extensive criminal history and his involvement in the charged conspiracy. See Tr. of Sentencing at 33, 35. Dodge's "extraordinary rehabilitation" from his "severe addict[ion]" inclined the District Court to grant Dodge's motions for horizontal and vertical departures, resulting in a reduction of the Guidelines sentencing range from 57-71 to 33-41 months.[1] Id. at 33-35.

Dodge's 33-month sentence is undoubtedly significant, but it is at the bottom of a Guidelines range arrived at after significant horizontal and downward departures for acceptance of responsibility and overrepresentation of criminal history. Id. at 35. Although there is no presumption that a sentence within the Guidelines range is reasonable, we have recognized "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2006). Based on our review of the record, and taking into account Dodge's lengthy criminal history and his substantial involvement in a conspiracy to produce and distribute an extremely addictive and dangerous drug, we cannot conclude that the District Court's 33-month sentence is substantively unreasonable.

---

[1] The District Court also emphasized "the lack of violence in [Dodge's] criminal record" and "recommend[ed] that [Dodge] be placed at Fort Dix, which has a 500-hour program[.]" Tr. of Sentencing at 37. The 500-hour program is "a program of residential substance abuse treatment" that, if successfully completed, qualifies Dodge for a sentence reduction of up to 12 months. 18 U.S.C. § 3621(e).

For the foregoing reasons, and finding no merit in Dodge's other arguments, we hereby AFFIRM the judgment of the District Court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK