KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I agree that Terry Honeycutt’s convictions and his sentence should be affirmed, except insofar as we must vacate the sentences imposed for his § 843(a)(6) convictions as exceeding the applicable statutory maximum. I also agree that we must reverse the district court’s refusal to order forfeiture, bound as we are by a decision of a prior panel of this court that a statute involving identical language to 21 U.S.C. § 853(a) allows the imposition of joint-and-several forfeiture liability. I write to emphasize why that prior panel was likely incorrect, and to suggest that the full court consider the issue en banc.
In declining to order forfeiture, the district court focused quite reasonably on the dearth of evidence, regarding Honeycutt’s financial, motivations, for participating in this conspiracy. Honeycutt’s lack of ownership interest in the store and the absence of evidence describing what, if anything, Honeycutt himself gained from the sales of Polar Pure gave the district court pause. This concern would seem to flow directly from the forfeiture statute the district court was tasked with applying, which provides: “Any person convicted of a violation of this subchapter or subchapter II of this,chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State'law—(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.”. 21 U.S.C. § 853(a). The government “must prove forfeiture by a preponderance of the evidence,” United States v. Warshak, 631 F.3d 266, 331 (6th Cir.2010) (quoting United States v. Jones, 502 F.3d 388, 391 (6th Cir.2007)), so a lack of evidence suggesting that Honeycutt “obtained” anything would seem to be problematic.
As the majority explains, this seemingly clear statute has been interpreted otherwise. Although no published Sixth Circuit authority addresses the issue under 21 U.S.C. § 853(a), the forfeiture provision of the Racketeer Influenced and Corrupt Organizations Act (“RICO”), 18 U.S.C. § 1963(a), contains identical language, and both provisions were enacted as part of the same law. See Comprehensive .Forfeiture Act of 1984 §§ 302-303, Pub.L. No. 98-473, 98 Stat. 2040-45 (1984). We previously interpreted that provision of RICO to allow for the imposition of joint-and-several forfeiture liability, United States v. Corrado, 227 F.3d 543, 553 (6th Cir.2000), and have , since indicated in unpublished decisions that the same applies-to § .853(a), see, e.g., United States v. Darji, 609 F. App’x 320, 331-32 (6th Cir.2015); United States v. Logan, 542 F. App’x 484, 498-99 (6th Cir.2013). Because I see no principled basis for distinguishing the two- statutes, I agree with the majority that we are bound to follow Corvado and hold that joint-and-seyeral liability is available under 21 U.S.C. §. 853(a).
As the district court’s concerns demonstrate, this holding seems to be contrary to the statute, which reaches only that property that a defendant “obtained.” 'Although many circuits have held that § 853(a) allows for joint-and-several liability, Maj. Op., at 379-80, and many others have held the same under § 1963(a),[1] there *382 has been surprisingly little explanation of the textual basis for such a rule. In United States v. McHan, 101 F.3d 1027 (4th Cir.1996), the court determined that the statute’s use of the phrase “obtained ... indirectly” means that it applies to “all property that the defendant derived indirectly from those who acted in concert with him in furthering the criminal enterprise,” id. at 1043, but joint-and-several liability reaches further than that. It would hold a defendant responsible for property he never had, so long as a co-defendant obtained the property. The same argument was made in a decision of the U.S. District Court for the Southern District of New York—which the Second Circuit adopted on appeal—but that decision also conflated property obtained indirectly by a defendant through a co-conspirator, with property obtained by a co-conspirator alone. See United States v. Benevento, 663 F.Supp. 1115, 1118 (S.D.N.Y.1987), aff’d, 836 F.2d 129 (2d Cir. 1988). Other decisions, including our decision in Corrado, largely gloss 'over the statutory text.
Although no contrary authority' existed when we decided Corrado, the D.C. Circuit has recently questioned the circuit consensus, emphasizing the plain language of § 853(a). See United States v. Cano-Flores, 796 F.3d 83 (D.C.Cir.2Ó15): The statute, the D.C. Circuit held, “appears, on its face, to embrace only property that a defendant has ‘obtained,’” and using the term “indirectly” to impose co-conspirator liability “reads the word ‘obtained’ out of the statute.” Id. at 91. Simply put, “[i]n ordinary English a person cannot be said to have ‘obtained’ an item of property merely because someone else (even someone else in cahoots with the defendant) foreseeably obtained it.” Id. The D.C. Circuit’s textual argument is more thorough than any conducted by the many circuits that hold that joint-and-several liability is available, and it persuades me that we should reconsider Corrado.
I find that the other reasons given by courts for applying joint-and-several liability are likely to be equally inadequate. Many rely on a Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), theory that a conspirator is liable for the reasonably foreseeable actions of co-conspirators, Simmons, 154 F.3d at 770; McHan, 101 F.3d at 1043; Hurley, 63 F.3d at 22; Caporale, 806 F.2d at 1508, but the Pinkerton doctrine “speaks only to a defendant’s substantive liability—not to the consequences of such liability,” Cano-Flores, 796 F.3d at 94, making it an especially thin basis for overruling the statute’s plain text. Nor is’ the general rule that §§ 853(a) and 1963(a) should be construed broadly, United States v. Russello, 464 U.S. 16, 26-29, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983); 21 U.S.C. § 853(o), a sufficient reason to override their plain language, contrary to the suggestions of McHan, 101 F.3d at 1043, and Caporale, 806 F.2d at 1507. In any event, “even if the statute were ambiguous in the sense of permitting the government’s construction, ‘[t]he rule of lenity requires ambiguous criminal laws to ,be interpreted in favor of the defendants subjected to them,’” Cano-Flores, 796 F.3d at 93-94 (quoting United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008)).
*383 I am sensitive to concerns that precluding joint-and-several liability may frustrate the government’s ability to collect- illicit proceeds, either due to the Eighth Circuit’s concern that it might “allow defendants to mask the allocation of the proceeds,” Simmons, 154 F.3d at 770 (internal quotation marks omitted), or the First Circuit’s warning that “[i]f conclusive weight were given to who physically handled the money, a low-level courier or money counter could be liable for vast sums, while other higher level conspirators could easily escape responsibility,” Hurley, 63 F.3d at 22, but I am not convinced that the absence of joint-and-several liability would frustrate collections as much as these decisions anticipate. Moreover, the First Circuit’s concern ignores the ways in which property may be “indirectly obtained” by a higher-level conspirator, who may not possess it, but who ultimately controls it and reaps the financial benefits of the illegal operation. See Cano-Flores, 796 F.3d at 92. In any event, in the absence of a statutory basis for requiring the imposition of joint-and-several liability, it would seem to be Congress’s job to provide an expanded mechanism for obtaining forfeiture.
In light of my concerns regarding the correctness of our decision in Corvado, I believe en banc consideration is appropriate to consider, whether Corvado should be overturned.

. See United States v. Edwards, 303 F.3d 606, 643 (5th Cir.2002), cert. denied, 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d . 1025 (2003); United States v. Simmons, 154 F.3d *382 765, 769-70 (8th Cir.1998); United States v. Hurley, 63 F.3d 1, 22 (1st Cir.1995), cert. denied, 517 U.S. 1105, 116 S.Ct. 1322, 134 L.Ed.2d 474 (1996); United States v. Masters, 924 F.2d 1362, 1369 (7th Cir.), cert. denied, 500 U.S. 919, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991); United States v. Caporale, 806 F.2d 1487, 1506-08 (11th Cir. 1986), cert. denied, 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 763 (1987).