15-1729-cr
United States v. Wernick

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.
------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                          No. 15-1729-cr

BRUCE WERNICK, AKA "Userfriendly," AKA "BJGuy," AKA "Alvin J. Bart," AKA "Bruce Wernick," AKA "Bart,"
                    *Defendant-Appellant*.
------------------------------------------------------------------
APPEARING FOR APPELLANT:     NORMAN TRABULUS, Law Office of Norman Trabulus, New York, New York.

APPEARING FOR APPELLEE:      LARA TREINIS GATZ, Assistant United States Attorney (Peter A. Norling and Carrie N. Capwell, Assistant United States Attorneys, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 27, 2015, and attending orders entered on July 23, 2015 and December 10, 2015, are AFFIRMED.

Defendant Bruce Wernick was convicted after a jury trial of receiving, distributing, reproducing, and possessing child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), (a)(3), (a)(5)(B) (Counts One through Four), as well as persuading and enticing persons under age eighteen to engage in sexual activity, *see id.* § 2422(b) (Count Five). On Wernick's original appeal, we identified error in his Guidelines calculation and therefore vacated his original 360-month sentence and remanded the case for resentencing. *United States v. Wernick*, 691 F.3d 108 (2d Cir. 2012). On this appeal, Wernick argues that (1) the above-Guidelines 300-month sentence imposed on remand is infected by procedural error; and (2) the district court erred in denying his post-sentencing motions (a) to amend the revised Presentence Investigation Report ("PSR") and the court's own Statement of Reasons for the Amended Judgment, and (b) to require the government to return the data from Wernick's forfeited electronic storage drives that did not contain child pornography. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1. <u>Procedural Reasonableness of the Sentence</u>

Wernick argues that the district court procedurally erred by effectively double counting his uncharged attempts to molest children under the age of six: first, by imposing a Guidelines enhancement for a "pattern of sexual exploitation of minors," *see* U.S.S.G. § 2G2.2 (2000), and second, by imposing an above-Guidelines sentence in light of how such conduct informed the sentencing factors listed in 18 U.S.C. § 3553(a). We review Wernick's challenge to procedural reasonableness "under a deferential abuse-of-discretion standard . . . ensur[ing] that the district court committed no significant procedural error, such as" improperly applying the Guidelines or construing the § 3553(a) factors. *United States v. Young*, 811 F.3d 592, 598 (2d Cir. 2016) (internal quotation marks omitted). This "standard incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact," *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008); *accord United States v. Wernick*, 691 F.3d at 113, neither of which we identify here.

At the outset, we note that the government argues that Wernick's procedural challenge is barred by the mandate rule and waiver, or at least limited by forfeiture. We need not pursue those challenges because, even assuming we were to decide them all in Wernick's favor, his procedural argument fails on the merits.

Wernick's sentence does not reflect double counting because the "pattern of activity" enhancement was fully warranted here by his charged exploitation of two teenage minors without regard to his uncharged attempted molestation of younger children. *See* U.S.S.G. § 2G2.2(b)(4) & § 2G2.2 cmt. n.1 (2000) (explaining that

3

enhancement warranted for "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor"). Moreover, even if, as Wernick urges, the attempted activity with younger children might also be viewed as part of the "pattern," that did not preclude the court from basing an upward departure or variance on that conduct. *See* U.S.S.G. § 2G2.2 cmt. n.2 (2000) (approving upward departure for defendant receiving § 2G2.2(b)(4) (2000) enhancement if "enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved"). Indeed, such a conclusion comports with a district court's obligation at sentencing—and resentencing—to consider the factors enumerated in 18 U.S.C. § 3553(a), such as the defendant's history, conduct, and character, as well as the need for general and specific deterrence, and to make an individualized sentencing decision. *See United States v. Weingarten*, 713 F.3d 704, 711 (2d Cir. 2013). As we have summarily recognized on more than one occasion, the imposition of a Guidelines enhancement "does not limit the weigh[t] of § 3553(a) factors." *United States v. Dodge*, 551 F. App'x 7, 10 (2d Cir. 2014); *see United States v. Dunn*, 529 F. App'x 30, 33 (2d Cir. 2013) (rejecting double-counting challenge to § 3553(a) consideration of matters already factored into Guidelines calculation); *see also United States v. Maisonet-Gonzalez*, 785 F.3d 757, 764 (1st Cir. 2015); *United States v. King*, 604 F.3d 125, 145 n.12 (3d Cir. 2010). Thus, a district court may rely on circumstances informing a Guidelines calculation to vary upward from the Guidelines range where it articulates reasons for distinguishing the defendant's situation from that covered by the Guidelines calculation. *See United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007).

4

Here, the district court carefully and convincingly explained why Wernick's attempted sexual molestation of children between the ages of three and five warranted a sentence above the Guidelines range. Without ourselves detailing the conduct fairly characterized by the district court as "mind-boggling," App'x 79–80, we conclude that it sufficiently aggravates the character and deterrence concerns evident in the convicted conduct to support the upward variance. Accordingly, we reject Wernick's procedural challenge as meritless, and uphold the challenged sentence.

2.      Addendum to the PSR

Wernick challenges the district court's denial of his post-sentencing motions to strike from the PSR any statements suggesting that he had sexually abused children under age six, and to append language to its Statement of Reasons to clarify that the court had found the evidence insufficient to prove that Wernick actually engaged in—as opposed to planned—the sexual abuse of such young children. The district court denied the motion, concluding that (1) Fed. R. Crim. P. 32 did not empower it to amend portions of the PSR after sentencing; (2) in any event, the PSR at issue reported third parties' factual allegations, not the court's conclusions; and (3) the Statement of Reasons adequately advised the Bureau of Prisons or any other reader of the PSR that the court had found defendant's intended sexual abuse of very young children "unconsummated," App'x 169.

Parties must state any objections to a PSR "in writing" and "[w]ithin 14 days after receiving" it, Fed. R. Crim. P. 32(f)(1), unless the district court grants an extension, *see* Fed. R. Crim. P. 32(b)(2). When, as here, a defendant fails to lodge objections prior to sentencing, "Rule 32, standing alone, does not give a district court jurisdiction [later] to

5

correct inaccuracies in a [presentence] report." *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989). Here, Wernick not only failed timely to object to the March 25, 2015 revised PSR and accompanying addendum, but also, at the May 7, 2015 resentencing, his counsel affirmatively stated that he had *no* objections to the revised report. On this record, we identify no error, either in the district court's denial of Wernick's untimely motion to amend the PSR, or in its decision not to alter the Statement of Reasons based on findings related to the PSR.

3.     Return of Non-Contraband Data on Forfeited Electronic Storage Devices

Wernick appeals the denial of his motion under Fed. R. Crim. P. 41(g) for the return of all data on his seized electronic storage devices not containing child pornography. He argues that government retention of non-contraband *data*—as distinguished from the physical devices themselves—was required neither by the terms of the agreed-to forfeiture order, nor by the child-pornography forfeiture statute, *see* 18 U.S.C. § 2253. The government argues that Wernick's motion was untimely, and, in any event, meritless. "We review a district court's grant or denial of equitable relief [under 41(g)] for abuse of discretion, but we review *de novo* any legal conclusion underlying such a decision." *United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012). Because we conclude that the district court did not abuse its discretion in denying Wernick's motion, we need not address the government's timeliness argument.

The forfeiture order in this case required Wernick to surrender "all of his right, title and interest" to the seized storage devices, App'x 172, and to agree "not [to] file or interpose any claim . . . to the [f]orfeited [p]roperty in any administrative or judicial

6

proceeding," App'x 174.   Through counsel, Wernick expressly stated to the district court that he had "no objection[s]" to this order.   July 2, 2010 Sentencing Tr., at 428. Such language might well be viewed as a true waiver, precluding appeal.   *See United States v. Olano*, 507 U.S. 725, 733 (1993); *see also United States v. Nino*, 535 F. App'x 18, 19–20 (2d Cir. 2013) (citing *Olano* in context of failure to object to forfeiture order).

Even absent waiver, the district court did not err in denying Wernick's Rule 41(g) motion.   Property that is traceable to an offense is still forfeitable even if commingled with legitimate property.   *See United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1161–62 (2d Cir. 1986).   Here, Wernick did not seek return of specific files of a clearly non-criminal nature and of high personal value that could readily be disentangled from the devices used to further his criminal activities.   Rather, he sought the return of all non-pictorial files on the hard drive, as well as metadata relating to all files (apparently including metadata for the contraband images themselves).   It is impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity).   Moreover, record evidence suggests that "thousands and thousands of hours" would be required to segregate the computer data as Wernick requests.   *See* Hr'g Tr. July 23, 2015, at 20, Dist. Ct. Dkt. No. 241.   Under these circumstances, the district court did not abuse its discretion in denying Wernick's motion.   We need not here decide whether defendants in some cases may retain interests in data unconnected to criminal activity that is stored on a hard drive that is itself

7

forfeitable because it was "used . . . to commit or to promote the commission of [a child pornography] offense," 18 U.S.C. § 2253(a)(3).

4.    Conclusion

We have considered Wernick's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court and attending orders are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court